# CHARLESTON.

## CASTLE v. GIBSON *et als.*

Submitted October 5, 1915.     Decided November 9, 1915.

SPECIFIC PERFORMANCE—*Land Sale Contract—Right to Relief.*

> Where a part of the consideration for the sale and purchase of interest in lands is an agreement to compromise and dismiss certain pending suits, and such part consideration has passed, by the court's decreeing their dismissal pursuant to such agreement, although at a later time than that agreed on, and it thereby becomes impossible to place the contracting parties in *statu quo,* it is inequitable to deny specific performance of the contract, plaintiff not being in default, and the time of such dismissal not being made the essence of the contract.

Appeal from Circuit Court, Preston County.

Suit by Joseph W. Castle against Milford C. Gibson's Heirs. From decree for defendants, plaintiff appeals.

*Reversed and rendered.*

*Wm. G. Conley,* for appellant.

*P. J. Crogan, F. E. Parrick,* and *J. V. Gibson,* for appellees.

WILLIAMS, JUDGE:

This suit was brought to specifically enforce a contract for the sale of land, made on the 6th of December, 1904, between plaintiff and M. C. Gibson. Pending the suit defendant died and it was revived against his administrator and heirs. On the 24th of April, 1914, the court dismissed plaintiff's bill, and he has appealed.

At the time the contract was made two suits were pending in the circuit court of Preston county, one styled *Mary C. Castle* v. *George M. Castle* and others, and the other *Joseph W. Castle* v. *M. C. Gibson,* the latter being a suit to enforce performance of another and different contract for the sale of land, made between the same parties, on the 15th of December, 1898. Those two suits were heard together and, on the 28th of October, 1905, a decree was entered dismissing them both, and requiring Joseph W. Castle to pay to Mary C. Castle all the costs in the first suit and requiring each party to pay his own costs in the second. Joseph W. Castle appealed and procured a reversal of so much of the decree as adjudged costs against him, the costs amounting to more than one hundred dollars. *Castle* v. *Castle et al.,* 69 W. Va. 400.

The contract now sued on was a compromise and settlement of the matters in controversy in the other suits, and reads as follows:

"This agreement made this 6th day of December, 1904, between Joseph W. Castle and M. C. Gibson, WITNESSETH:

That whereas, the said Castle and Gibson have this day entered into the following agreement and settlement of all matters in controversy connected with the suit of the said Castle against the said Gibson now pending in the Circuit Court of Preston County, West Virginia, instituted June 14th, 1902, on the chancery side thereof, which suit was based upon a certain contract entered into between the said Gibson and Joseph W. Castle et al, dated December 15th 1898, and filed in the papers of said cause: That is to say, the said M. C. Gibson hereby agrees and binds himself to pay the said

Joseph W. Castle the sum of five hundred dollars ($500.00) and to execute to him a Special Warranty Deed for all of his —the said Gibson's right, title and interest in and to the farm known as the 'John Hartman farm', saving and reserving to himself all of the coal lying under the vein known as the 'Three Foot Vein' now open on said place, together with the usual and customary mining rights in taking out and using the same, and removing through and under said land the coal under adjacent lands upon the dismissal by Mary C. Castle of her chancery cause still pending in said Court, instituted June 5th, 1897, in which Mary C. Castle et al are named as plaintiffs and George M. Castle et al are named as defendants, the authority for which dismissal in writing and signed by the said Mary C. Castle has been duly given, and is to be placed in the custody of the clerk of said court to be held by him for reference thereto by any of the parties here named. As a further consideration coming from said Castle he hereby agrees and binds himself to convey and acknowledge an acquittance to the said Gibson of all his claim of right title and interest in and to the said coal so reserved by said Gibson.

It is further agreed between the parties hereto that the said two suits are to be dismissed at the December term 1904 of said court 'agreed' each party to pay his own costs incurred therein.''

The agreement is signed by both parties. It abrogates the contract which Castle was seeking to enforce against Gibson, by one of the aforesaid suits. The rights of the parties under the foregoing contract were not involved, nor determined in either of the two former suits. It was simply a matter of evidence in those suits, furnishing the grounds for their dismissal. The rights of the parties thereunder were expressly reserved, both by the decree of the lower court and by the decree of this court affirming it, except in respect to the matter of costs which the lower court had erroneously decreed that Castle should pay, and in that particular only it was reversed.

It is insisted that plaintiff is not entitled to prevail, because the two suits were not dismissed at the December term, 1904. They were not in fact dismissed until October, 1905; they

were then dismissed not by agreement, but by a decree rendered upon a hearing of the cause. Just why they were not dismissed at the time agreed upon does not appear. It is not shown that plaintiff prevented their dismissal. True he had the power to have his own suit against Gibson dismissed, but it is not proven that he could have had Mary C. Castle's suit dismissed, and the contract called for the dismissal of both. It does appear, however, that M. C. Gibson proceeded to take depositions in the suit of Castle against Gibson on February 23, 1905, and that the plaintiff objected to the further taking of depositions on the ground that defendant had demurred to his bill and the court had not ruled thereon. It also appears that plaintiff took depositions on May 17, 1905, by agreement of counsel. It is insisted that these facts prove plaintiff was resisting performance of the contract now sued on. We do not think so. For aught that the record discloses, the deposition taken by plaintiff in May, 1905, may have been simply to rebut the proof taken by defendant in the February preceeding, both taken after the time the suits should have been dismissed, according to agreement. The fact is that the suits were dismissed, for the reason the parties had agreed in the contract now sued on that they should be dismissed. Castle appealed from that decree, assigning several errors, and secured a reversal, in part, of the decree, on the ground that the lower court had erroneously decreed that he should pay costs to Mary C. Castle, which was in violation of the agreement that each party should pay his own costs The result of that appeal justifies his appealing.

The dismissal of the suits is an accomplished fact. Why it was not done by a consent decree, and at the time agreed on, does not appear. But the time of dismissal is not an essential feature of the contract, and the fact that they were dismissed at a later time by a decree pronounced upon the merits does not furnish defendant grounds for refusal to comply with the contract, and, in view of the present situation of the parties, it would be inadequate not to require him to perform. A part of the consideration for the agreement sued on was the dismissal of those suits, and that part has already passed from Castle to Gibson. Hence it is not now possible to place the

parties in statu quo. The contract stands as partly performed by Castle. Shortly after the appeal was determined by this court he tendered a deed to Gibson, conveying to him all of his "claim of right, title or interest in and to all of the coal lying under the vein known as the 'Three Foot Vein', and now open on the 'John Hartman Farm,' together with the usual and customary mining rights in taking out and using the same, and in removing through and under said lands the coal under adjacent lands," setting out the metes and bounds of the tract. At the same time he demanded of Gibson a deed, with special warranty of title, conveying to him said Gibson's interest in the John Hartman farm, except the coal therein, underlying the "Three Foot Vein", as above described, and demanded also that said Gibson pay to him the sum of $500.00 in cash pursuant to their agreement. Gibson declined to accept the deed and carry out the contract, and hence this suit. Plaintiff tenders with his bill the same deed, bearing date the 16th of June, 1911, duly signed and acknowledged by him, and prays that defendants may be required to pay to him the sum of $500.00 and to execute to him a special warranty deed conveying to him their right and title in and to the said John Hartman Farm, excepting the coal underlying the "Three Foot Vein" and the usual and customary mining rights appurtenant thereto.

It was error to dismiss plaintiff's bill and the decree dismissing it will be reversed and a decree entered here according to the prayer of the bill.

*Reversed and rendered.*