# CHARLESTON.

Castle *et al. v.* Castle *et al.*

Submitted April 4, 1911.    Decided May 9, 1911.

1.  Action—*Appeal and Error—Review—Consolidation of Cases.*
    · The trial court has discretion in the matter of consolidating causes, and, to warrant a reversal of a decree on this ground, it must appear that such discretion has been misused to the prejudice of the party complaining.  (p. 404).

2.  Costs—*Stipulation—Construction.*
    It is error to decree costs in favor of one of the parties to a suit against another, in the face of a binding agreement between them that the suit should be dismissed without costs. (p. 404).

3.  Courts—*Appeal—Jurisdiction.*
    An appeal will lie to this Court for such an error as to costs which have been made the subject of agreement, when the amount thereof exceeds one hundred dollars.  (p. 404).

Appeal from Circuit Court, Preston County.

Action by Mary C. Castle and others against George M. Castle and others, and by Joseph W. Castle against Milford C. Gibson.  Suits were consolidated and a decree made, dismissing both, and Joseph W. Castle appeals.

*Affirmed in part.    Reversed in part.*

*William G. Conley,* for appellant.

*N. J. Fortney, P. J. Crogan* and *F. E. Parrick,* for appellee Milford C. Gibson.

Williams, President:

Two suits in equity were pending in the circuit court of Preston county, the first brought in June, 1897, by Mary C. Castle and others against George Mc. Castle and others, and

the second brought in July, 1902, by Joseph W. Castle against Milford C. Gibson.

On the 28th of October, 1905, the two cases were heard together and a decree made dismissing both. This decree required Joseph W. Castle to pay to Mary C. Castle all the costs in the first suit; the second suit was dismissed without costs to either party.

Joseph W. Castle, one of the defendants in the first suit and sole plaintiff in the second, has appealed, and assigns four grounds of error: (1) That it was not proper to hear the two causes together; (2) that it was error to decree costs against petitioner in the first of said causes; (3) that it was error to dismiss the second cause; and (4) that it was error not to decree specific performance according to the prayer of the bill in the second suit.

Milford C. Gibson was one of a large number of defendants to the first suit, and was the sole defendant in the second.

Pending the first suit, and after numerous depositions had been taken on both sides of the case, on the 15th of December, 1898, a written agreement of compromise was entered into between Joseph W. Castle, Mary C. Castle, M. C. Gibson, and others, in which it was agreed that the first suit was to be dismissed, "agreed," and that each party should pay his own costs. All matters in controversy between the parties involved in the suit, which was in relation to the title to a certain tract of land and the timber which had been cut from it, were "adjusted and settled forever" by this agreement. The compromise agreement contained this contract between Joseph W. Castle and M. C. Gibson, viz: "Joseph W. Castle hereby agrees that he will pay the defendant, M. C. Gibson, five hundred dollars ($500.00) within thirty days from this date, and the said Gibson hereby agrees that when the five hundred dollars above mentioned are paid he will execute and make the defendant, Joseph W. Castle, a deed of special warranty for all his interest in the farm, in the bill mentioned of one hundred and twenty-nine acres on which John Hartman lived and died." It was to specifically enforce this contract between Joseph W. Castle and M. C. Gibson that the second suit was brought. Depositions were taken by both plaintiff and defendant in the second suit. On the 6th of December, 1904, while the second suit was pending, and be-

fore any order of dismissal was made in the first suit, Joseph W. Castle and M. C. Gibson, who were the only parties to the second suit, made a second written agreement, by which Gibson was to pay Joseph W. Castle $500 and execute to him a deed with special warranty granting all his right in the John Hartman farm, "saving and reserving to himself all of the coal lying under the vein known as the 'Three Foot Vein' now open on said place." The money was to be paid and deed executed by Gibson upon the dismissal of the Mary C. Castle suit, and the contract recites that her authority in writing for the dismissal had already been given. Joseph W. Castle was then to execute to Gibson a quit claim deed for all right claimed by him in the coal reserved by Gibson. The contract then closes as follows: "It is further agreed between the parties hereto that the said two suits are to be dismissed at the December Term, 1904, of the said Court 'Agreed,' each party to pay his own costs incurred therein."

The foregoing statement shows the relation between the two suits, and all the facts essential to a review of the decree appealed from. There is nothing prejudicial to appellant in his first assignment of error. It is largely a matter of discretion with the chancellor whether or not it is proper to hear two causes together. *Beach* v. *Woodyard,* 5 W. Va. 231; *McKittrick* v. *McKittrick,* 43 W. Va. 117, (27 S. E. 303); *Wyatt* v. *Thompson,* 10 W. Va. 645; *Peterson* v *Eakin,* 87 Va. 49, (12 S. E. 144); 8 Cyc. 591-593.

The first agreement of compromise did not appear in the first suit, but it was the basis of the second suit and was made an exhibit with the bill. By consolidating the two suits the court could consider its effect upon the rights of the parties in the first suit; otherwise it may have required the amendment of the pleadings in that suit to put it before the court. We do not see that the court has violated its discretion by consolidating the suits, or that appellant is prejudiced by such consolidation.

As to the second point of error assigned: The decree directs that Joseph W. Castle pay to the plaintiff, Mary C. Castle, all the costs of said first suit. Generally speaking, the control over costs in equity suits is a matter largely within the discretion of the chancellor. Sec. 10, ch. 138, Code 1906; *Nutter* v.

*Brown,* 58 W. Va. 237. But in the present case the costs had been made the subject of an agreement between the parties, which took it out of the court's discretion. Both of the compromise agreements expressly stipulated that each of the parties should pay his own costs in the first suit. The decree holds that these contracts are binding; and we do not see how the court could have then disregarded the stipulation as to costs, which appears to be as binding as any other portions of the agreements. The matter of costs being thus taken out of the discretion of the court by agreement of the parties, and the amount thereof decreed to be paid by Joseph W. Castle to Mary C. Castle being shown by the supplement to the record to be in excess of one hundred dollars, after deducting the costs which he himself incurred and for which he is liable, the decree, as to costs, becomes an appealable decree. *Nutter* v. *Brown,* 58 W. Va. 237. It was error to disregard the agreements concerning costs and to decree all the costs in favor of Mary C. Castle against Joseph W. Castle.

Third: The second suit was brought to specifically enforce the agreement for the purchase of the land which was in controversy in the first suit. Joseph W. Castle and M. C. Gibson were the only persons interested in that portion of the compromise agreement, thus sought to be enforced. Consequently, it was not necessary that any of the other parties to the contract should have been made parties to that suit. The court did not err in refusing the prayer of the bill and in dismissing the second suit, in view of the second compromise contract of December 6, 1904. This contract abrogated the first one, in so far as it related to the contract for the purchase of the land. This last mentioned agreement was not a matter in litigation. It appears in the record of the second suit only as matter of evidence; and was put in evidence by plaintiff himself as an exhibit in support of his objection made on the 23rd of February, 1905, to any further taking of testimony by the defendant. By the terms of this agreement both suits were to be dismissed "agreed" and each party was to pay his own costs. There is no proof that this second contract was ever cancelled by the parties, or that it was superseded by any other agreement. Neither does it appear that it was not, at the time of the decree, a valid and binding contract. The court could not

have granted the prayer of Joseph W. Castle's bill without disregarding this contract which plaintiff had, by his counsel, placed before the court. This reason is also a sufficient answer to the fourth assignment of error.

It is insisted by counsel for appellant that, inasmuch as there is no order of court showing the filing of the answer of M. C. Gibson in the second suit, his answer cannot be considered as a part of the record. This is true. *Park* v. *Petroleum Co.,* 25 W. Va. 108; *Sims* v. *Bank,* 8 W. Va. 274; *Handy* v. *Scott,* 26 W. Va. 710. And in view of the fact that Gibson filed no answer the depositions- taken on his behalf cannot be read. *Goldsmith* v. *Goldsmith,* 46 W. Va. 426; *Edgell* v. *Smith,* 50 W. Va. 349. But the contract is not a part of the defendant's evidence; plaintiff's counsel vouched the contract in support of his objection to any further taking of depositions by the defendant; and, therefore, the plaintiff being responsible for the contract's appearance in the record he cannot be heard to say now that it ought not to be read. It is a part of his own evidence, and it proves him out of court.

We do not interpret the language of the decree, wherein it recites "that the contracts heretofore made are fair and binding upon the parties thereto," to be an adjudication upon the rights of Joseph W. Castle and M. C. Gibson under the contract of December 6, 1904, because the decree expressly says that "the dismissal is without prejudice to the rights of the parties under the contract of December 6, 1904, if any they have."

In so far as the decree appealed from directs Joseph W. Castle to pay all the costs of the first of said suits to Mary C. Castle, it will be reversed, and a decree entered here that each of the parties to said suit pay his own costs; and in all other respects the decree will be affirmed; but without prejudice to any right of suit upon, or defence to, the contract of date December 6, 1904, concerning which we express no opinion.

Appellant having substantially prevailed is entitled to costs in this Court.

*Affirmed in part.  Reversed in part.*