# CHARLESTON.

JOHN C. PRICE *et al* v. GEORGE C. STURGISS, JUDGE, *et al.*

Submitted September 4, 1918.   Decided September 10, 1918.

1. PROHIBITION—*Disqualification of Judge.*
   Pecuniary interest in a controversy, on the part of the judge of the court in which it is pending, disqualifies him as to such controversy and subjects him to restraint by the writ of prohibition, if he endeavors to sit in the trial thereof.  (p. 524).

2. SAME—*Verified Petition—Disqualification of Judge.*
   A verified petition for a writ of prohibition, setting up such interest, makes a *prima facie* case of such disqualification.  (p. 524).

Petition by John C. Price and others for a writ of prohibition against George C. Sturgiss, Judge, and others.

*Writ awarded.*

*Lazzelle & Stewart, Chas. A. Goodwin,* and *Glasscock & Glasscock,* for petitioners.

POFFENBARGER, PRESIDENT:

To the rule awarded against him on the petition of the members of the County Court of Monongalia County, requiring him to show cause why a writ of prohibition shall not be

awarded, inhibiting him from hearing and determining certain charges preferred against them, as grounds for removing them from office, for alleged neglect of duty respecting what is charged as a nuisance on one of the public roads in said county and the improvement of numerous public roads thereof, the defendant in the proceeding, the judge of the Circuit Court of said county, has filed no answer, nor has he in any way made defense to this proceeding against him.

Removal of the petitioners from the offices they hold, upon sufficient charges of legal grounds of removal, is within the jurisdiction of the court over which he presides; but, if the averments of the petition are true, his personal disqualification to hear and determine the charges preferred, is clearly manifest. They charge him with having been a witness on whose testimony the charges were made, with having formulated the charges themselves, with having so organized the grand jury as to secure presentation of the charges and with having financial interests in matters falling within the jurisdiction of the County Court, constituting the basis of a motive on his part for removal of the members of that body, and inducing him to make repeated efforts for their removal, some of which have been thwarted only by the prohibitive process of this court. As the petition is verified, its averments must be deemed sufficient to establish, *prima facie*, grounds for the peremptory writ prayed for. No man can sit as a judge in his own case. Pecuniary interest in a controversy, on the part of the judge of the court in which it is pending, clearly disqualifies him, and subjects him to the writ of prohibition. *Forest Coal Co.* v. *Doolittle,* 54 W. Va. 210. That is sufficiently charged and *prima facie* established here.

The writ will be awarded.

*Writ awarded.*