## COOKE et al. v. UNITED STATES

(Circuit Court of Appeals, Fifth Circuit. December 26, 1923.)

No. 4068.

1. **Contempt ☞6—Writing and delivery of letter by attorney to judge held a "contempt."**

The writing and presentation of a letter to a judge of the District Court by an attorney, who appeared for a client in a number of cases and proceedings, one of which had recently been tried, in which the writer stated in effect that the judge had shown, that his prejudice against the writer's client was such as to prevent his giving the client justice in future trials, asking the judge to voluntarily disqualify himself, impliedly, and threatening disqualification proceedings if he did not, *held* to constitute a "contempt."

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Contempt.]

2. **Contempt ⊗⊐6—Delivery of contemptuous letter to judge in chambers held contempt in "presence of court."**

Delivery of a letter containing contemptuous matter to a judge in his chambers in the court building, during a short recess of the court, was a contempt committed "in the presence of the court," within the meaning of Judicial Code, § 268 (Comp. St. § 1245).

[Ed. Note.—For other definitions, see Words and Phrases, Presence of the Court.]

3. **Contempt ⊗⊐61(1)—For contempt not committed in open court defendant is entitled to a hearing.**

For a contempt committed in the presence of the court, but not in open court and of a nature to interrupt its proceedings, the defendant is entitled to a hearing on a rule to show cause.

4. **Contempt ⊗⊐61(1)—Granting of time to prepare defense discretionary.**

On a citation for contempt, the granting of delay to prepare a defense is discretionary, and where the statement made by a defendant shows no defense, the refusal of further time is not an abuse of discretion.

5. **Contempt ⊗⊐61(1)—Defendant, denying knowledge of contents of letter delivered to judge, entitled to hearing.**

On citation of an attorney and his client for contempt by delivery by the client of a letter to the judge containing matter of contempt, a statement by the attorney, admitting the writing and sending of the letter, but denying that the client knew its contents, entitled the attorney to no further hearing, but on such showing the client was not chargeable with contempt without a hearing.

In Error to the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Proceeding for contempt by the United States against Clay Cooke and J. L. Walker. Judgment against defendants, and they bring error. Affirmed as to defendant Cooke, and reversed as to defendant Walker.

J. A. Templeton, of Fort Worth, Tex., and E. Howard McCaleb, of New Orleans, La. (Clay Cooke, of Fort Worth, Tex., on the brief), for plaintiffs in error.

Henry Zweifel, U. S. Atty., of Fort Worth, Tex., and Joseph Manson McCormick, of Dallas, Tex., for the United States.

Before WALKER and BRYAN, Circuit Judges, and GRUBB, District Judge.

GRUBB, District Judge. This is a writ of error to the District Court for the Northern District of Texas from a judgment and sentence in a contempt proceeding instituted by the United States against plaintiffs in error, hereinafter called defendants. The defendant Clay Cooke was an attorney in, and the defendant J. L. Walker was a party to, a number of suits and bankruptcy proceedings pending in the District Court. A few days before the alleged contempt was committed, one of the suits against Walker, in which Cooke was one of his lawyers, had been tried in the District Court, with a jury, and had resulted in a verdict and judgment against Walker for $56,484.65. Notice of a new trial had been given in this case. There were other cases, in which Walker was a party or interested, still pending in the same court. The alleged contempt consisted in the delivery to Hon. James C. Wilson, who was one of the District Judges of that district, and before whom

the case referred to had been tried, and before whom the others were pending, of a letter by the defendants, or one of them. The letter was sealed, addressed to the judge, and marked "Personal." The letter was delivered to the judge while he was in his chambers at the place of holding the United States District Court in Fort Worth, and while he was engaged in the trial of another jury case, and during a recess that occurred during the progress of that trial.

Nothing of importance was said by the defendant or defendants, at the time of the delivery of the letter to Judge Wilson. The letter was not read by him in their presence. About 10 days after the delivery of the letter, Judge Wilson entered an order on the minutes of the District Court, which recited the delivery of the letter and the attending circumstances, set out the letter, and ordered that an attachment immediately issue for the defendants, and that the marshal produce them instanter before the court to show cause why they should not be punished for contempt. The marshal executed the attachment by producing the defendants in open court in response to it. The defendants thereupon asked for time to procure counsel and prepare their defenses to the rule to show cause. Objection was made by the attorneys for plaintiff, and delay was denied by the District Judge. The District Judge, however, stated that, if defendants, upon being called upon to state their defenses, indicated in their response that they had any legal defense, he would grant them time to prepare and plead their defenses. The defendant Cooke thereupon made a statement as to his connection with the letter. The defendant Walker made no statement. He attempted to do so while the District Judge was announcing his decision, but was told that the time for him to talk had passed. The defendant Cooke, however, assumed all responsibility for the contents of the letter, and stated that his codefendant, Walker, was not apprised of the contents of the letter, and only knew that it was an endeavor to induce Judge Wilson to exchange with some other judge in the matters in which the defendant Walker was involved. In his statement Cooke admitted having dictated and signed the letter, and having read it hastily before signing it, and having caused it to be delivered to Judge Wilson through the defendant Walker. There was a conflict between Judge Wilson, Cooke, and Walker as to whether or not Cooke was present with Walker when the letter was delivered. This is unimportant, in view of Cooke's admission that he caused the letter to be delivered. The letter is here set out in full, except the address and caption:

"Referring to the above matters pending in the District Court of the United States for the Northern District of Texas, at Fort Worth, I beg personally, as a lawyer interested in the cause of justice and fairness in the trial of all litigated matters and as a friend of the judge of this court, to suggest that the only order that I will consent to your honor's entering in any of the above-mentioned matters now pending in your honor's court, is an order certifying your honor's disqualification on the ground of prejudice and bias to try said matters.

"You, having, however, proceeded to enter judgment in the petition for review of the action of the referee on the summary orders against the Farmers' & Mechanics' National Bank and J. L. Walker and Mrs. M. M. Walker, you, of course, would have to pass upon the motion for a new trial in those

matters, and also having tried 984, W. W. Wilkinson, Trustee, v. J. L. Walker, you will, of course, have to pass upon the motion for a new trial in said cause.

"I do not like to take the steps necessary to enforce the foregoing disqualification, which to my mind, as a lawyer and an honest man, is apparent.

"Therefore, in the interest of friendship and in the interest of fairness, I suggest that the only honorable thing for your honor to do in the above-styled matters is to note your honor's disqualification, or your honor's qualification having been questioned, to exchange places and permit some judge in whom the defendant and counsel feel more confidence to try these particular matters.

"Prior to the trial of cause No. 984, which has just been concluded, I believed that your honor was big enough and broad enough to overcome the personal prejudice against the defendant Walker, which I knew to exist, but I find that in this fond hope I was mistaken; also, my client desired the privilege of laying the whole facts before your honor in an endeavor to overcome the effect of the slanders that have been filed in your honor's court against him personally, and which have been whispered in your honor's ears against him, and in proof of which not one scintilla of evidence exists in any record ever made in your honor's court.

"My hopes in this respect have been rudely shattered. I am now appealing purely to your honor's dignity as a judge and sense of fairness as a man to do as in this letter requested, and please indicate to me at the earliest possible moment your honor's pleasure with respect to the matters herein presented, so that further steps may be avoided.

"With very great respect I beg to remain,

"Yours most truly,                                    Clay Cooke."

Whether the defendants were properly adjudged to be guilty of criminal contempt depends upon the answers to these questions: (1) Whether or not the letter contained contemptuous matter; (2) whether the defendants were entitled, under the law, to a hearing as to their guilt or innocence; and (3) whether, if so, they, either or both, were accorded such a hearing, or were injured by being denied one.

[1] 1. The letter was ostensibly couched in terms of respect, but its substance, and not alone its form, is to be regarded. The defendant Cooke stated that his purpose in writing the letter was to avoid the filing of an affidavit disqualifying Judge Wilson, which he felt it his duty to do in the protection of his client's interest. If the purpose of the letter was as stated, there was no impropriety in the mere writing of a letter with that purpose. While the statute provides a method for disqualifying a judge, there could be no wrong in addressing a judge in a proper way, to secure his voluntary retirement. The propriety of the letter depends upon the language used by the writer in addressing the judge. Language, appropriate in an affidavit of disqualification, might not be used with propriety in a private letter addressed to the judge. The part relied upon by the plaintiff as constituting the contempt is the statement that, prior to the trial of the recent case of his client, Walker, the writer had believed Judge Wilson big enough and broad enough to overcome the personal prejudice against his client which he knew to exist, but that the trial of that case had convinced him that he had been mistaken in entertaining that belief; that his client had desired, but had not obtained, the privilege of stating his answer to the slanders that had been filed in court and whispered in the ears of Judge Wilson against him; that the writer's hopes in this respect had been rudely shattered, and his confidence in Judge Wilson destroyed, and he was, for that reason, appealing to the judge to volun-

tarily disqualify himself in the other cases of his client. These statements charge the District Judge with having had a personal prejudice against Walker, which had prevented his according Walker a fair trial, in the case that had just been completed; that he had denied Walker the privilege of vindicating himself against slanders, which the judge had listened to from others in private; and that his prejudice against Walker was such as to prevent his giving Walker justice in future trials. The letter also impliedly threatened Judge Wilson with disqualification proceedings, in the event he refused to recuse himself. At the time of the delivery of the letter, it appears from the recital that Judge Wilson was still to be called upon to hear the motion for a new trial in the case which had just been tried, and also certain bankruptcy proceedings, all of which had proceeded too far for an exchange of judges.

The natural tendency of the letter was to destroy the calm and dispassionate consideration by Judge Wilson of the pending matters, which it was his duty to give. The aim of the law in proceedings for contempt of this nature is not to protect the judge from criticism, to save him the annoyance of it, but to keep his usefulness unimpaired by matter, which would be likely to affect a judicial and impartial attitude in matters to be decided by him. The question is not whether the letter, in fact, had this effect upon Judge Wilson, but whether it was calculated to do so upon any judge, or calculated to create such an impression upon others, and so injure the administration of justice. The test is the harm it is likely to do to the court, and to the judge as representing the court, and not the annoyance that it may cause to the judge as a man. The fact, if it is a fact, that the contents of the letter were not intended by the writer to go beyond Judge Wilson, is unimportant; for, with due respect to the court over which he presided, Judge Wilson could not have done otherwise than make disclosure himself, though the writer did not. If the tendency of the letter was to injuriously affect the administration of justice, either in actuality or in reputation, it constituted a contempt, which Judge Wilson owed his court the duty of redressing, aside from personal considerations. That the letter was of this tendency is obvious.

[2] The writing and delivery of it was a contempt committed in the presence of the court, within the meaning of section 268 of the Judicial Code (Comp. St. § 1245). The letter was handed to Judge Wilson in his chambers in the building in which court was then being conducted by him. The fact that it was not delivered to him in the courtroom, and was delivered during a momentary recess of the court, did not make it the less so. In the case of Savin, Petitioner, 131 U. S. 267, 9 Sup. Ct. 699, 33 L. Ed. 150, the Supreme Court held that:

"Within the meaning of section 725 [now section 268, Judicial Code] the court, at least when in session, is present in every part of the place set apart for its own use, and for the use of its officers, jurors, and witnesses; and misbehavior anywhere in such place is misbehavior in the presence of the court."

If a room used for witnesses sufficed, as in the case cited, a fortiori, the chambers of the presiding judge would. The occurrence would

have been no more in the presence of the court, if the letter had been handed to Judge Wilson while he was on the bench. A mere temporary recess would not interrupt the session of the court or prevent the judge from punishing contempts committed in his presence. As the contempt was committed in the presence of the court, we need not consider whether it was also "so near thereto as to obstruct the administration of justice." Savin, Petitioner, supra; U. S. v. Huff (D. C.) 206 Fed. 700. We hold that the delivery of the letter to Judge Wilson constituted a contempt, punishable under the provisions of section 268 of the Judicial Code.

[3] 2. The defendants were entitled to a hearing upon the issue of their guilt or innocence. The contempt, while committed in the presence of the court, within the meaning of section 268, was not committed in the face of the court, so as to give the District Judge the right to inflict immediate punishment without a hearing, and even in the absence of the defendant, as in the case of Ex parte Terry, 131 U. S. 290, 9 Sup. Ct. 77, 32 L. Ed. 405. In that case, as well as in the case of Savin, Petitioner, supra, the Supreme Court distinguished contempts committed in the face of the court from those committed in the presence of the court, the circumstances of which the judge could not have a perfect knowledge of, and the different procedure to be applied to each class of contempts. For those committed in open court, and of a nature to interrupt its proceedings, and the facts of which were so open and notorious as to make proof unnecessary, the Supreme Court held that the trial judge had the right to punish the offender without giving him a hearing. For those committed in the presence of the court, but not in open court, and of a nature to interrupt its proceedings, and of the facts of which the judge could not have perfect knowledge, the Supreme Court prescribed as the proper procedure a rule to show cause or an attachment and a hearing thereon. In view of the fact that the delivery of the letter did not occur in open court, did not interrupt an actual session of the court, and that the District Judge could not have had the perfect knowledge of all the facts incident to an occurrence in open court, we think the District Court adopted the correct procedure in issuing an attachment for the defendants, and in giving them an opportunity to be heard before they were condemned.

[4, 5] 3. The remaining question is whether the defendants were accorded a hearing by the District Judge. The hearing must, in any event, be a summary one. All that is required is notice to the defendant and a reasonable opportunity to enable him to present his defense. In this case the defendants were put upon their hearing immediately upon being brought into court under the attachment. They asked for time to secure counsel and witnesses and for preparation, which was denied them. One of the defendants was a lawyer himself, and represented his codefendant, and both had the assistance of another lawyer, the partner of the former, who participated in the hearing. The matter of granting further delay was discretionary with the trial court. The District Judge stated to the defendants that he would allow them time for preparation, if they showed that they had legal defenses, and he called upon them to state their defenses. The defendant Cooke, as

spokesman for himself and his codefendant, who was his client, thereupon stated in open court the defensive matter relied upon by himself and his codefendant. He admitted authorship of the letter and responsibility for its delivery to Judge Wilson in chambers, while denying his personal presence there. The matter that he offered as defensive had no tendency to show his innocence. It was in part a confession of guilt and in part an offer to show extenuation. As to the defendant Cooke there was no need for a further hearing. His statement made in open court, in response to the rule, conclusively showed his guilt. Any abruptness in the hearing was not harmful to him for this reason. The District Judge was clothed with discretion with reference to the extent that he would allow proof of extenuation. He was not required to do more, in this respect, than to hear Cooke's own statement in mitigation of his confessed guilt, and this he did. We think the defendant Cooke has no ground of complaint for having been denied a more deliberate hearing.

With reference to the defendant Walker the matter stands differently. Guilt, as to him, was not established by a showing that he delivered the letter to Judge Wilson, either alone or in company with his codefendant. It was necessary also to show that he had knowledge of the contents of the letter. The inference of knowledge may have been strong but it was not conclusive. There was no admission made by the defendant Walker which supplied the need for proof. Cooke was Walker's lawyer and in his statement, he told Judge Wilson that Walker was ignorant of the contents of the letter, further than that it contained a request to Judge Wilson to voluntarily recuse himself. If this was the extent of his knowledge, he was not guilty of contempt in delivering the letter. Cooke may not have had such a hearing as to his guilt as he was entitled to. It was, however, sufficient to develop that he was guilty of the accusation, on his own statement in open court, and that a further and more deliberate hearing would have been of no benefit to him. On the other hand, his codefendant, Walker, through him, stated a good defense in law to the rule, when called upon to do so by the District Judge. He was not given an opportunity to prove this defense, and was adjudged guilty without having had the chance to deny knowledge of the contents of the letter, at the time of its delivery, or to offer the evidence of other witnesses on this issue. The permission of the court given him to incorporate his defense in the record could not take the place of a hearing of his defense before the tribunal, before which he was being tried.

The judgment of the District Court is affirmed as to the defendant Cooke, and reversed as to the defendant Walker, and the cause remanded as to him for further proceedings in conformity with this opinion.