FRED DANKMER, *an Insane Person, and* MARY DANKMER, *his Committee v.* CITY ICE & FUEL COMPANY, *a Corporation, et al.*

(No. 9015)

Submitted October 17, 1939. Decided December 12, 1939.

*McCamic & Clarke,* for petitioner.
*Martin Brown,* for respondent.

Fox, President:

The petitioner, Mary Dankmer, committee for Fred Dankmer, an insane person, seeks to prohibit the defendants, City Ice & Fuel Company, a corporation, hereinafter referred to as the Fuel Company, and James F. Shipman, judge of the circuit court of Marshall County, from further proceeding in a suit in equity pending in said court, instituted on the 27th day of June, 1934, in which the said

Fuel Company is plaintiff and Fred Dankmer and others defendants, and to prohibit the enforcement of a decree in favor of the Fuel Company against the petitioner herein, rendered on the 12th day of November, 1937, in the suit of Fred Dankmer against the City Ice & Fuel Company, a corporation, lately pending in the same court, which decree is attempted to be enforced in the chancery cause first above mentioned. To reach the questions involved, it becomes necessary to first detail the proceedings in the two equity suits above referred to.

Fred Dankmer was treasurer of the City Ice & Fuel Company and, it is alleged, was short in his accounts. An action in assumpsit was instituted by the Fuel Company at November Rules, 1929, to recover the amount alleged to be due it. On June 10, 1930, Dankmer instituted his suit in equity, the second suit mentioned above, to enjoin said law action, and to have an accounting with the Fuel Company on certain items alleged in his bill. Demurrers to Dankmer's bill and amended bill were sustained. This action of the trial court was reversed (111 W. Va. 676, 163 S. E. 430) and the cause remanded for a hearing upon the merits, and was afterwards referred to a commissioner in chancery. On May 31, 1934, and while the same was pending before the commissioner, counsel for Dankmer suggested upon the record that Dankmer was suffering from dementia, and asked that the proceedings be stayed. Apparently ignoring this request, a report was filed by the commissioner on July 10, 1934, but no action was at that time taken thereon, and the cause drifted until the 11th of February, 1936, when Mary Dankmer, the wife of Fred Dankmer, filed a petition in said cause in which she set up the finding of the mental hygiene commission of Marshall County, adjudging the said Fred Dankmer to be insane and the order of the county court of said county appointing her as his committee. On March 14, 1936, upon notice, the suit was, on motion of the Fuel Company and others, revived by naming Mary Dankmer, committee, as plaintiff, and as defendant in certain answers setting up claims for affirmative relief which had been filed in the

cause, all of which was objected to by the committee at the time. Later, on July 3, 1936, the Fuel Company moved that the cause be submitted for decision, which motion was resisted and action thereon deferred. On the 12th day of November, 1937, the motion for final submission was granted and a decree entered in favor of the Fuel Company and against Mary Dankmer, committee, for the sum of $3932.51. On August 3, 1938, Mary Dankmer, as committee, filed a bill of review in said cause which, upon demurrer, was dismissed on February 14, 1939, from which action this court denied an appeal on the ground that the bill of review had not been filed within eight months from the date of the final decree in the cause. The petitioner herein asserts that the decree of November 12, 1937, is void for lack of jurisdiction on the part of the circuit court of Marshall County to take any action whatever in the cause in which the same was entered, subsequent to the date when the insanity of Fred Dankmer was suggested on the record; and particularly because the attempted revival of said suit by motion, instead of by *scire facias,* did not restore to said court the jurisdiction to hear said cause, which had been lost by the showing of an adjudication of the insanity of Fred Dankmer; and that after the expiration of two terms of court, as provided in Code, 56-8-8, the cause was discontinued, no good cause having been shown to the contrary.

The Fuel Company is now attempting to enforce the said decree in its separate suit against Fred Dankmer and others, instituted at August Rules, 1934, the general purpose of which was to set aside an alleged voluntary conveyance made by Fred Dankmer and Mary Dankmer, his wife, to Louisa Dankmer. In this suit, on October 1, 1934, Mary Dankmer, by special appearance, suggested the mental incapacity of her husband, and on March 14, 1936, she, as committee for her husband, was, on motion of the plaintiff, made a party defendant, and a guardian *ad litem* was appointed for the incompetent. In the original bill it was averred that the property which had been conveyed to Louisa Dankmer was on the 25th of June, 1928, con-

veyed to James F. Shipman, trustee, to secure the payment of certain indebtedness to the City and County Bank, and alleging the discharge of the said indebtedness and the execution of a release of the deed of trust securing the same, which release, it was alleged, was withheld from record by Fred Dankmer. A demurrer to this bill was sustained in July, 1938, on account of the absence of certain necessary parties, and the question as to the suggested disqualification of Shipman, then and now judge of the circuit court of Marshall County, and the same person as the trustee aforesaid, to hear the cause, was left to abide the further progress of the suit. An amended bill was filed, and while the trust deed to Shipman, trustee, was ignored therein, its existence was afterwards admitted on the record, as alleged in the original bill. The demurrer to the amended bill was overruled and further action taken in the cause, Shipman presiding, and the defendants ordered to prepare the case for final submission on October 21, 1939. On September 18, 1939, the rule herein was awarded.

It appears that Mary Dankmer, committee, objected to the consideration of certain testimony in the cause in which the decree against her was entered, on the ground that the same was inadmissible under Code, 57-3-1. It is not clear to us that the persons who testified against Dankmer and in favor of the Fuel Company were disqualified by any interest in the result of the suit which would bar their testimony. We have held that a person, not interested in the result of a suit, may testify as to statements made by a deceased officer of a corporation (*Keatley, Admr. v. Hanna Chevrolet Co., et al.,* recently decided and not yet reported [121 W. Va. 669, 6 S. E. 2d 1.] But even if we were to concede doubt on this point, we do not think it such an error as can be corrected by prohibition. Cases may often be decided upon incompetent testimony, but we have not been pointed to any authority that authorizes a court by prohibition to prevent the enforcement of judgments and decrees so procured. We think, therefore, that this contention of the petitioner is without merit.

The remaining questions are, first, whether or not the revival of the chancery cause of Dankmer against Fuel Company, upon motion of defendants, operated to vest in the circuit court of Marshall County jurisdiction to further proceed in the cause; second, if jurisdiction was lacking, may the enforcement of the alleged void judgment in another suit be prevented by prohibition; and, third, whether or not, upon showing made, as to his alleged disqualification, the regular judge of the circuit court of Marshall County should be prohibited from further taking cognizance of the cause of the Fuel Company against Dankmer.

The answer to the first question depends on the construction of Code, 56-8-5, which provides that in any stage of any case the same may be revived by *scire facias,* as against parties necessary to the further prosecution thereof, and then makes the following provision:

> "Or where the party dying, or whose powers cease, or such insane person or convict, is plaintiff or appellant, the person or persons for whom such *scire facias* might be sued out may, without notice or *scire facias,* move that the suit proceed in his or their name. Likewise, the person or persons against whom the *scire facias* might be sued out by the plaintiff may also, without notice or *scire facias,* move that the suit or action proceed in his or their name. * * *"

The problem of reviving a suit or action when one of the parties dies or becomes insane or otherwise legally incapable of acting in his own behalf, is an interesting one. At common law the death or insanity of a plaintiff operated to abate the suit or action, and in equity the original method of revival was by bill of revivor. Later, such revival by the writ of *scire facias* came into use and this became the statutory rule in Virginia at an early date. Still later, it was provided that such suit or action might be revived by the plaintiff against a deceased, or an incompetent defendant, upon the mere motion and with or without notice. This continued to be the rule until the adoption of the present Code, wherein, under the language

above quoted, a defendant may likewise move that a suit or action proceed in his name. But what the defendant did in the case before us is something entirely different. It did not move that the action proceed in its name, but moved that Mary Dankmer, committee for the insane plaintiff, be made the plaintiff in the cause, and that as to answers filed by the defendant and by others, she be made defendant thereto, thus going beyond the plain terms of the statute. We have recently held that where the statute provides the method by which certain procedure may be had, such statute should be followed. *Shenandoah Valley Bank* v. *Hiett,* 121 W. Va. 454, 6 S. E. 2d 769. The defendant was not without his remedy. *Gainer* v. *Gainer,* 30 W. Va. 390, 4 S. E. 424. Code, 56-8-8 required the plaintiff to proceed by motion or by *scire facias* at or before the second term of the court next after the insanity of the plaintiff was suggested, and upon failure to do so, the cause might have been dismissed; or if upon the answer filed therein, claiming affirmative relief, the defendant had sought, to further litigate the case, it might, under Code, 56-8-5, have had the cause revived in its name, or even without such answer it might have done so. Instead of following these plain provisions of the statute, it elected to undertake to revive the cause by other methods for which there is no statutory authority. The cause having abated by the insanity of the plaintiff, the court was without power to further proceed therein until the same was revived, and did not regain such power by the procedure followed. It follows that in entering the decree of November 12, 1937, the trial court exceeded its power.

But it is said that Mary Dankmer, as committee, appeared in the cause, made certain motions, and that her action amounted to waiver to any defect in the revival of the cause. There is, of course, ample authority that one who is made a party to a suit may make a general appearance thereto, and thereby waive all defects in process. This rule, however, applies to cases where the person against whom process is sought is made a party to the suit by being named in the process and pleadings

thereof. The petition of Mary Dankmer showing that Fred Dankmer had been adjudged insane and that she had been appointed as his committee did not constitute her a party to the suit. *Nutter* v. *Ireland,* 120 W. Va. 94, 197 S. E. 319. It only created a situation whereby she might become a party upon her own motion, or be made a party through the methods prescribed by statute. The statute not being followed, she never was a party to the suit, and the court never acquired the power to enter a decree against her.

But the question remains as to whether or not, even if the court was without power to enter the decree of November 12, 1937, its enforcement in another and different suit can be prohibited by writ of prohibition. If an effort were being made to enforce said decree in the suit in which it was entered, then we would say prohibition would clearly be an available remedy; but we hesitate to extend the rule to control the action of a court in an independent suit wherein, if the judgment under attack be presented, the defense of lack of jurisdiction of the court to enter it may be asserted. As appears from the record no attempt is being made to enforce the decree of November 12, 1937, except in the pending cause of the Fuel Company against Fred Dankmer. That suit, at the time it was instituted, was not in any way based on the suit in which the decree under attack was entered. It was, however, a suit based upon the identical claim against Fred Dankmer—that of the shortage in his accounts—and to set aside an alleged voluntary and fraudulent conveyance executed by Dankmer for the purpose of evading payment of his obligations to the plaintiff, and was, no doubt, instituted because of the statutory limitation as to time governing such suits. Undoubtedly, the court had jurisdiction to hear that cause, and still has jurisdiction to hear the same and, if necessary, to hear proof on the question of whether or not Dankmer was indebted to the plaintiff. It is true that after the entry of the decree of November 12, 1937, and after a demurrer to the original bill had been sustained, hereinafter re-

ferred to, an amended bill was filed in which that decree was asserted, which would fix the amount that was due from Dankmer's committee to the Fuel Company, if we held that the court had power to enter the said decree. The question having fairly arisen on the record, we have indicated that the court did not have jurisdiction to enter that decree, and it naturally follows that the circuit court will not consider the same for any purpose. However, this peculiar situation does not relieve us of our duty to discourage the use of the extraordinary writ of prohibition to test the validity of judgments or decrees obtained in one court and attempted to be enforced in another, or in an independent suit in the same court where, as in this case, the validity of the judgment presented may be fully contested. The writ of prohibition should not be used except in cases where relief is not available through ordinary channels of practice. It is true that under our statute it is stated, in effect, that prohibition is a matter of right; and our cases hold that in a proper case it may be resorted to regardless of the existence of other remedies. *Morris* v. *Calhoun,* 119 W. Va. 603, 195 S. E. 341. But this holding does not, we think, justify the granting of the writ in the case before us. It would, in our opinion, widen too far the scope of the writ, and make it cover cases which have not been heretofore considered as coming within its range.

For these reasons we would refuse the writ, in so far as it seeks to prohibit any attempted enforcement of the decree of November 12, 1937, in the chancery cause of City Ice & Fuel Company against Fred Dankmer, and others, instituted in June, 1934, saving to the committee her right to present the objection thereto based on the alleged lack of power on the part of the court to enter the same.

The third question relates to the right of the present judge of the circuit court of Marshall County to take cognizance of the suit of the City Ice & Fuel Company against Dankmer. As has been stated, this was a suit to set aside as voluntary and fraudulent a certain convey-

ance made by Fred Dankmer and wife to his mother, Louisa Dankmer; and in the original bill, it is alleged that on June 25, 1928, a deed of trust was executed by Fred Dankmer and his wife to James F. Shipman, trustee, covering the same property the conveyance of which is sought to be set aside, and that said deed of trust was made to secure to the City and County Bank the payment of the sum of $5,000.00, evidenced by a note. Then follows an allegation that the note had been discharged; and, upon information and belief, it was alleged that a release had been executed showing the discharge of the said debt, which was being withheld from record by Fred Dankmer. Notwithstanding this allegation, James F. Shipman, trustee, was not made a party to the suit. A demurrer was filed to this bill, one of the grounds being the absence of necessary parties, and when this demurrer was sustained, the court, in a memorandum which is made a part of the record, said: "* * * I am of the opinion that this suit, in its present status, lacks necessary parties, and that the demurrers, upon that ground, are well taken. The trustees and the beneficiaries under these deeds of trust, affecting titles to the real estate, should be convened before the Court and made parties to this suit. Upon that ground, to-wit, that the Bill lacks necessary parties thereto, the separate demurrers are sustained, with leave to the Plaintiff to amend its Bill of Complaint, if desired. *Beckwith v. Laing,* 66 W. Va. 246, 66 S. E. 354. As to the suggestion of the disqualification of the present Judge of this Court, it may abide the further progress of this suit."

It is quite apparent that the court was of the opinion that trustees and beneficiaries under deeds of trust were necessary parties to the suit, and his postponement of a decision as to his own disqualification no doubt grew out of his doubt as to whether or not there had been a release of the deed of trust in which he was named as trustee. This assumption is supported by his answer filed herein, in which he calls attention to the testimony of Claude F. Smith, James A. Sigafoose and Mary Dankmer, all tending to show that a release of the deed of trust had been

executed or that the debt secured thereby had been satisfied, but failing, in our judgment, to clearly show the release of the deed of trust. On the other hand, there is the contention of Louisa Dankmer, plainly appearing upon the record, that while the original debt secured by said deed of trust had been paid to the City and County Bank or its assignee, the Marshall County Bank, she had contributed the sum of $4,200.00 to the payment thereof, and that she was subrogated to the rights of the original beneficiary. Whether this contention is one that can be sustained, we do not know, but until the question is settled, the legal title to the real estate in question remains vested in James F. Shipman, trustee, and as such, he is a necessary, and some decisions say, an indispensable party to this suit. *Baker* v. *Oil Tract Co.,* 7 W. Va. 454; *Norris* v. *Bean,* 17 W. Va. 655; *Bilmyer* v. *Sherman,* 23 W. Va. 656, *Bensimer* v. *Fell,* 35 W. Va. 15, 12 S. E. 1078; *Turk* v. *Skiles,* 38 W. Va. 404, 18 S. E. 561; *Gebhart* v. *Schrader,* 75 W. Va. 159, 83 S. E. 925. If a party to the suit, he cannot, under Code, 51-2-8, take cognizance of the suit in the absence of consent in writing by the parties thereto. Prohibition may be resorted to to restrain a judge from presiding in a suit in which he is disqualified on account of interest, although the court over which he presides may have jurisdiction of the cause. *Forest Coal Co.* v. *Doolittle,* 54 W. Va. 210, 46 S. E. 238; *Price* v. *Sturgiss,* 82 W. Va. 523, 97 S. E. 193. We think the same rule should apply where he is otherwise disqualified. The fact that the trustee was never made an actual party to the suit should not be allowed to affect the application of the statute. Being a necessary party, he is, for our present purposes, considered as an actual party to the suit. Equity regards that as done which ought to be done. Allegations in a bill which clearly show the necessity of making one a party to a suit impose upon the court the duty to at once bring that party into the court before further proceeding with the cause. An objection to further proceeding in the cause, based on the absence of necessary parties, can be raised at any stage of the cause, even upon appeal in this court,

where the defect is apparent on the face of the record. We are of the opinion that Shipman, as trustee, is in contemplation of law a party to the suit instituted by the Fuel Company, and that being such party, he automatically becomes disqualified to hear and determine the cause.

The writ of prohibition, in so far as it seeks to prohibit the judge of the circuit court of Marshall County from further proceeding in the cause of City Ice & Fuel Company against Fred Dankmer, and others, is awarded; but the same is denied, in so far as it seeks to prevent any attempt to enforce the decree of November 12, 1937, in said suit.

*Writ awarded in part; denied in part.*