WILLIAM T. FAHEY

*v.*

J. H. BRENNAN, *Judge, etc.*

(No. 10465)

and

MARTIN F. FAHEY

*v.*

J. H. BRENNAN, *Judge, etc.*

(No. 10466)

Submitted March 4, 1952.  Decided March 8, 1952.

Fox, JUDGE, dissenting.

*Wm. Bruce Hoff,* for relators.

*Chas. M. Love, Tom B. Foulk, A. E. Bryant,* for respondent.

RILEY, PRESIDENT:

On February 2, 1952, the petitioners, William T. Fahey and Martin F. Fahey, filed their original separate petitions in prohibition against J. H. Brennan, Judge of the Circuit Court of Hancock County, praying that the defendant Judge be declared disqualified by reason of hostility toward the petitioners and interest and partisanship, and that he be prohibited from proceeding further in relation to a proceeding pending in the Circuit Court of Hancock County, instituted by rule and summons by the defendant Judge, which involved the suspension of the petitioners' licenses to practice law.

On the same day, February 2, 1952, this Court granted a rule in each proceeding in prohibition against the defendant Judge, returnable on Tuesday, March 4, 1952. On the return day the petitioners offered for filing their amended and supplemental petitions, which petitions were filed over defendant's objection; and at the same time the defendant filed in each proceeding demurrers to the original petitions and to the amended and supplemental petitions.

Both cases having been heard on the return day of the rules on the oral arguments and briefs of counsel for both parties, this Court on Saturday, March 8, 1952, ordered in each case that a writ of prohibition issue, directed against the defendant Judge, prohibiting him from sitting on, hearing and deciding the malpractice proceedings pending in the Circuit Court of Hancock County, in relation to the rule, summons and charges filed against the petitioners. This order provides that, as Case No. 10465 of *State ex rel. William T. Fahey* and Case No. 10466 of *State ex rel. Martin F. Fahey, against J. H. Brennan,* the defendant Judge, by agreement of counsel in open court and with the consent of the Court, had been argued and briefed as though the two cases had been consolidated, a single opinion

would be filed at a later date setting forth the reasons which prompted the entry of the orders awarding the writs of prohibition in both cases.

These Cases Nos. 10465 and 10466 involve the same malpractice proceedings in the Circuit Court of Hancock County which were involved in the earlier cases of *Martin F. Fahey v. J. H. Brennan, Judge of the Circuit Court of Hancock County, West Virginia,* Case No. 10412, and of *State ex rel. William T. Fahey v. J. H. Brennan, Judge of the Circuit Court of Hancock County, West Virginia,* Case No. 10413, 136 W. Va. 666, 68 S. E. 2d 1, (therein styled *Fahey v. Brennan, Judge* (two cases), No. 10412 and No. 10413), in which it was held that the Circuit Court of Hancock County had jurisdiction of both the proceedings against the petitioners herein. The holding in the earlier cases to that effect is the law of the cases. In each of the orders entered on March 8, 1952, in the instant proceedings in prohibition, it was ordered that each of the malpractice proceedings is, and will, remain on the docket of the Circuit Court of Hancock County until dismissed or finally decided; but that in view of the defendant's disqualification to sit on and hear the same, he should either invite a Judge of his own selection from another Circuit to sit and hear the malpractice proceedings, or another Judge should be selected by the members of the Hancock County Bar, as provided by statute.

The instant proceedings in prohibition are concomitant in every sense of the word: each proceeding is based upon a pending malpractice proceeding, in which the charges against each petitioner are substantially the same, and the allegations of the original and of the amended and supplemental petitions in both cases in prohibition are in essential details identical.

The instant proceedings, Cases Nos. 10465 and 10466, present three basic and controlling questions: (1) Were there proper amendments to the original petitions by the filing of the amended and supplemental petition in each case; (2) do the original and the amended and supplemental petitions, on the demurrers to the four petitions

establish a *prima facie* case, which justified this Court in entering the orders of March 8, 1952, awarding the writ of prohibition prayed for in each case; and (3) are the proceedings, as contended by the defendant, moot?

On the return day of the rules, March 4, 1952, the cases were argued and submitted for decision, and the Court permitted the amended and supplemental petitions in both cases to be filed over defendant's objection. By the order of March 4, 1952, the cases were submitted for decision on the original and the amended and supplemental petitions, the respective demurrers thereto, and the arguments and briefs of counsel.

At the time the order of March 8, 1952, was entered the Court was, and is now, of opinion that the allegations of the amended and supplemental petitions in both proceedings in prohibition are germane to the cases presented in the original petitions.

The original and the amended and supplemental petitions in each case allege that by reason of the defendant Judge's prejudice, hatred and partisanship, he was influenced improperly, and will continue to be so influenced, against the petitioner in each case; and that by reason of such improper influence the defendant was motivated in denying a request of petitioners' counsel, contained in his letter of January 27, 1952, for a continuance of the malpractice proceedings, which it is alleged the defendant Judge set for hearing on February 4, 1952, knowing that petitioners' sole counsel was engaged in another court in important litigation; and thereby the defendant sought to cause the petitioners to waive their special appearance, and thus lose the benefit of dilatory pleas, which, it is alleged, petitioners' counsel intends to file and rely upon, or resort to the instant proceedings in prohibition.

From the original and amended and supplemental petitions in both cases in prohibition it appears that the malpractice charges against the petitioners were based on allegations contained in the malpractice proceedings pending in the Circuit Court of Hancock County, and

that the petitioners induced Russell Dennis Hurst, Virginia Grace Sponaugle, Mary Ellen Bradley and Roy Morgan to testify falsely in a criminal prosecution against Russell Dennis Hurst in the Circuit Court of Hancock County for the alleged wrongful death of a child, in which proceeding the defendant therein was represented by the petitioners, resulting in a verdict for the defendant Hurst. Both of the original petitions in the instant proceedings in prohibition allege that "the petitioner is apprehensive that attempts have been, and are being, made to coerce, intimidate and induce Russell Dennis Hurst, Virginia Grace Sponaugle, Mary Ellen Bradley, and Roy Morgan to make statements regarding their testimony differing from the testimony which they had previously given under oath and differing from the recital of facts as told to your petitioner and others." The amended and supplemental petitions in each of the prohibition proceedings allege, "that, during the pendency of the Rule awarded herein on February 2, 1952, the defendant, acting personally and by and through the agency of others, has sought to misuse the power and authority of his high office to secure from one or more of the persons whose testimony petitioner is alleged to have adduced knowing the same to be false, statements and testimony differing from their previous statements to the petitioner and others and their previous testimony under oath, for the purpose of using such changed statements and such changed testimony against the petitioner, by offers of extreme leniency of punishment to be imposed and commutation of sentences already imposed."

The original petition in each of the proceedings in prohibition contains the allegation that "The defendant will try the petitioner although the defendant's actions as herein set forth clearly establish defendant's enmity, hostility and completely uncompromising hatred toward the petitioner and clearly establish that the defendant has prejudged every decisive question relating to 'the charges' in the Rule issued against the petitioner; and, although the defendant is otherwise disqualified by his interest, parti-

sanship and other factors." The amended and supplemental petition in each of the proceedings in prohibition charges that "the defendant by his actions and conduct, herein alleged, made it plainly manifest that, * * * it is his intention to sit, act, and preside as the Judge of the Circuit Court of Hancock County in petitioner's case, and, as such, to pass upon all matters and questions arising therein, before, during and after the trial of any and all issues of fact presented by such pleadings as may be filed."

The original and amended and supplemental petitions in each proceeding in prohibition pray: "* * * that a writ of prohibition may be awarded to him [petitioner] prohibiting the said defendant from proceeding further in relation to his charges against the petitioner during the very short time which will ensue until petitioner's sole counsel will reasonably be available to represent the petitioner with reference to the said proceeding by defendant against petitioner; preventing the said defendant from trying these petitioners separately; and, since it is now apparent from the affirmative, overt acts of the said defendant and otherwise that he is disqualified by interest and partisanship and entertains hostility and uncompromising hatred toward petitioner and is otherwise disqualified, the petitioner further prays that the said defendant may be prohibited from proceeding further in relation to the said Rule, in relation to the said summons, and in relation to both the said Rule and the said summons, and in the proceeding to which they both relate, and that the past, projected and threatened actions of the said defendant in relation to all of the said matters be suspended and stayed by the order of this Court pending the final determination of all matters arising on this petition"; and are identical, except that the prayers of the amended and supplemental petitions contain the recital that "as in and by his original petition he has already prayed."

No further recital of the allegations of the original and of the amended and supplemental petitions in both proceedings in prohibition is necessary to indicate that the

amended and supplemental petitions, both in allegations and prayers, are germane to the matters embraced in the original petitions, and do not interject new causes of action in the proceedings, and, that being so, we were prompted, in the first instance, to permit the amendments by the filing of the amended and supplemental petitions.

Under Section 6, Chapter 26, Acts of the Legislature, Regular Session, 1933, the court or Judge in a proceeding in prohibition may permit amendments as in other cases. In this jurisdiction courts of law and equity exercise great liberality in permitting amendments to pleadings, and the authority to do so exists independently of statute, and may be exercised in the sound discretion of the court whenever justice will be promoted thereby. *Stealey, Admr.* v. *Lyons,* 128 W. Va. 686, 694, 695, 37 S. E. 2d 569. But the amendment may not change the cause of action. *Edgell* v. *Smith,* 50 W. Va. 349, 40 S. E. 402; *Snyder* v. *Harper,* 24 W. Va. 206; *Morrison* v. *Judy,* 123 W. Va. 200, 13 S. E. 2d 751. It follows that the amendments to the original petitions by the filing of the amended and supplemental petitions were proper. This holding disposes of the first question hereinabove propounded.

The foregoing recital of the allegations of the original and of the amended and supplemental petitions bears directly on the second and all-controlling question before this Court: Do the original and the amended and supplemental petitions, filed in both of the instant prohibition proceedings, on the separate demurrers thereto established a *prima facie* case, justifying the award of the writs? That this Court in its opinion in *Fahey* v. *Brennan, Judge,* Cases No. 10412 and No. 10413, held in point 1 of the syllabus: "A writ of prohibition does not lie in the absence of a clear showing that a trial court is without jurisdiction to hear and determine a proceeding, or, having such jurisdiction, has exceeded its legitimate power," does not preclude the inquiry whether the Judge of the Circuit Court of Hancock County is disqualified by reason of interest, bias, prejudice or otherwise to try the malpractice cases, though the court itself has jurisdiction. In *Forest*

*Coal Co.* v. *Doolittle, Judge,* 54 W. Va. 210, pt. 1 syl., 46 S. E. 238, it was held: "The writ of prohibition lies to restrain a judge from proceeding in a cause in which he is disqualified by reason of interest in the subject matter thereof, although the court over which he presides has jurisdiction of the cause." In *Price* v. *Sturgiss,* 82 W. Va. 523, 97 S. E. 193, pt. 1 syl., it was held: "Pecuniary interest in a controversy, on the part of the judge of the court in which it is pending, disqualifies him as to such controversy, and subjects him to restraint by the writ of prohibition, if he endeavors to sit in the trial thereof." True, this case is not one in which the judge sought to be prohibited has a pecuniary interest, but very much like the instant case it appears from the opinion therein that the members of the county court, which the judge of the circuit court sought to have removed, charged the circuit judge, "with having been a witness on whose testimony the charges were made, with having formulated the charges themselves, with having so organized the grand jury to secure the presentation of the charges and with having financial interests in matters falling within the jurisdiction of the county court, constituting the basis of a motive on his part for removal of the members of that body, and inducing him to make repeated efforts for their removal, some of which have been thwarted only by the prohibitive process of this court." In *Williams* v. *Brannen,* 116 W. Va. 1, 178 S. E. 67, pt. 4 syl., the Court held that "Inasmuch as a judge or a justice of the peace is without authority to try a case in which he is disqualified, prohibition is the proper procedure to restrain him."

In this jurisdiction a demurrer admits all of the allegations of a petition in prohibition properly pleaded. *Morris* v. *Calhoun, Judge,* 119 W. Va. 603, 195 S. E. 341; *Dankmer* v. *City Ice & Fuel Co.,* 121 W. Va. 752, 6 S. E. 2d 771. This being so, this Court must take as true the allegations of the petitions in prohibition that: (1) The defendant Judge, motivated by prejudice, hatred and partisanship against the petitioner in each of the malpractice cases, denied the request of petitioners' counsel, contained in his letter of

January 27, 1952, for a continuance of the malpractice proceedings, which it is alleged the defendant set for hearing on February 4, 1952, knowing that petitioners' sole counsel was engaged in another court in important litigation, and thereby the defendant sought to cause the petitioners to waive their special appearance and thus lose the benefit of dilatory pleas, which, it is alleged, petitioners' counsel intends to file and rely upon, or be compelled to resort to the instant proceedings in prohibition; (2) the defendant was disqualified by reason of the alleged hostility and hatred exhibited toward petitioners; (3) notwithstanding such disqualification, hostility and hatred the defendant intends to sit on and hear all matters coming before the court, before, during and after the case; and (4) since the pendency of the rule awarded herein on February 2, 1952, "the defendant, acting personally and by and through the agency of others, has sought to misuse the power and authority of his high office to secure from one or more of the persons, whose testimony petitioner is alleged to have adduced knowing the same to be false, statements and testimony differing from their previous statements to the petitioner and others and their previous testimony under oath, for the purpose of using such changed statements and such changed testimony against the petitioner, by offers of extreme leniency of punishment to be imposed and commutation of sentences already imposed."

The truth of these allegations contained in the petitions, under our holdings in the *Calhoun* and *Dankmer* cases, has been admitted on demurrers by the defendant Judge, who, not having elected to answer, must, like any other party litigant, suffer the impact of the rule which in this jurisdiction governs the effect of demurrers on the well pleaded allegations of a pleading. So we are of opinion, notwithstanding our holding in the cases of *Fahey* v. *Brennan, Judge,* Cases Nos. 10412 and 10413, *supra,* to the effect that the Circuit Court of Hancock County has jurisdiction of the malpractice proceedings, that the Judge of that court, on the state of the pleadings herein, is disquali-

fied to sit on, hear and decide the factual issues involved in those proceedings. In so holding we do not intend to reflect on the integrity, honor or judicial temperament of the learned Judge of that court: we simply say that when confronted with charges well pleaded in formal pleadings, which he has not answered, so as to raise a factual issue bearing on his qualification or disqualification, the charges must be taken as true on demurrer.

The part of the orders of March 8, 1952, providing that the defendant Judge should either invite another Judge from another circuit to try the malpractice proceedings, now pending in the Circuit Court of Hancock County, or that a Judge should be elected by the Bar of that county, is prompted by the case of *Cooke* v. *United States*, 267 U.S. 517, 69 L. ed. 767, 45 S. Ct. 390, at page 396, in which the Supreme Court of the United States, speaking through Mr. Chief Justice Taft, said: "The case before us is one in which the issue between the judge and the parties had come to involve marked personal feeling that did not make for an impartial and calm judicial consideration and conclusion, as the statement of the proceedings abundantly shows. We think, therefore, that when this case again reaches the District Court, to which it must be remanded, the judge who imposed the sentence herein should invite the senior Circuit Judge of the circuit to assign another judge to sit in the second hearing of the charge against the petitioner." The Supreme Court of the United States on that basis reversed the judgment of the Circuit Court of Appeals for the Fifth Circuit, and remanded the case to the district court for further proceedings "in conformity with this opinion."

During the course of the argument in the instant proceedings, it appeared that the litigation pending in the District Court of the United States for the Northern District of West Virginia, in which petitioners' counsel had been engaged, had been completed, and for this reason we are of opinion that these proceedings are moot, in so far, but in so far only, as the writs of prohibition are sought, as prayed for in the first part of the prayers, in

order to give petitioners' counsel further time in which to prepare for the petitioners' defense in the malpractice cases. As to the latter parts of the prayers upon which the orders of March 8, 1952, are based, these proceedings, in our opinion, are not moot.

In the orders of March 8, 1952, the writs of prohibition awarded were limited to the disqualification of the defendant Judge, prohibiting him from sitting on, hearing and deciding the malpractice proceedings, pending in the Circuit Court of Hancock County, in relation to the rules, summonses, and charges filed therein against the petitioners. This Court did not enlarge the writs so as to prevent the defendant Judge from trying these petitioners separately, for the reason that in this jurisdiction the consolidation of cases rests largely in the discretion of the court; and an order of a trial court, either consolidating cases or refusing to consolidate, will not, in the absence of an abuse of discretion, be disturbed by this Court in an original proceeding in prohibition. In *Bond* v. *National Fire Insurance Co.*, 77 W. Va. 736, 88 S. E. 389, this Court expressly held that a defendant is not entitled, as a matter of right, to require the consolidation of cases. See also *Castle* v. *Castle*, 69 W. Va. 400, 71 S. E. 385; *State for Use and Benefit of Randolph County* v. *R. M. Hudson Paving & Construction Co.*, 95 W. Va. 610, 122 S. E. 173.

The orders of March 8, 1952, awarding a writ of prohibition in each of the proceedings in prohibition, Cases Nos. 10465 and 10466, were entered for the reasons hereinabove stated.

*Writs awarded as limited by this opinion.*

Fox, Judge, dissenting:

I am unable to concur in the majority opinion in this case, and am still of the opinion that these proceedings ought to be disposed of under our decision in the companion cases, Numbers 10412, 10413, in which the same parties were involved, decided December 11, 1951. I understand, of course, that the present decision is not intended as a

departure from the principles laid down in that instance as to jurisdiction, but that a situation has developed which makes it proper to disqualify Judge Brennan in the present proceedings because it is proposed, as I see the case, to hold in advance that he intends to exceed his legitimate powers. To this I cannot agree and my contention is that we should wait until Judge Brennan has had an opportunity to perform his functions in the case before passing final judgment on his action or actions.

One thing is settled in the case, and that is that the Circuit Court of Hancock County had jurisdiction, and under the decision of this Court, dated December 11, 1951, Judge Brennan was free to proceed with the trial of the matter involved in the two petitions. In January proceedings were set in motion to bring about such trial, and the cases were set for a date when it seemed quite clear that the sole counsel for the petitioners was engaged in the trial of another important case, and it was impossible for him to give due consideration or effort to the petitioners' case. That situation developing, petitions were filed in this Court for a writ of prohibition, based on, I assume, an abuse of legitimate power supposed to be exercised by Judge Brennan. I think we are safe in assuming that gross abuse of legitimate power in legal effect amounts to excessive use of such power, and while I did not participate in the granting of the rule in these cases in the first instance, I am not prepared to say that the rule should not have been granted.

But the situation calling for the granting of the rule no longer exists. It is true, of course, that many allegations in the petition charge prejudice against Judge Brennan, but the main ground was the inability of the petitioners to have the benefit of the services of their counsel. That situation has been removed by lapse of time, and when the return day of the rule came along there was nothing in the way of setting a new date for a hearing on these proceedings, and the question, the controlling question, justifying the granting of the rules, be-

came moot. Ordinarily there would have been open but one course of action, namely the dismissal of the rule, and the regular procedure setting a new date for the trial. However, at this time, petitioners, apparently realizing that they could not further proceed on their original proposition, filed an amended petition in this Court in which they somewhat enlarged upon the allegations of prejudice against Judge Brennan, particularly charging that he had attempted to influence certain witnesses, and as I understand the majority opinion, it is solely upon this new development that the writs were awarded in this case.

In the first place, I doubt whether a case of this character lends itself to an amendment. I know, of course, that public questions should be dealt with in a liberal way, but it seems to me that when a case must be terminated because the question involved has become plainly moot, the case ends there. I do not want to over stress this point, but I do stress the point that the matter alleged in the amendment on which the Court's present action is based makes no definite substantial charge against the respondent, Judge Brennan. If the fact be that Judge Brennan made an attempt to interview and influence witnesses to change their testimony to the prejudice of petitioners in this case, the charge would not only be substantial, but would merit full investigation. But, from anything which appears in the pleadings we cannot say what Judge Brennan did, and he could have no notice of that with which he is charged, except the general charge from which we are asked to infer that he did something to the prejudice of the petitioners. To sum it up, those allegations are not well pleaded, and if attempted to be relied upon should first have been made in an independent proceeding, and second, should have been pleaded in detail. Much is made of the fact that the allegations are not denied, and are taken for confessed on the part of Judge Brennan. This is in keeping with the rule that an allegation well pleaded will, on demurrer, be taken as true. I do not question that rule, but I think no allegation is sufficiently well pleaded, if said to be true, to plainly

disqualify Judge Brennan from hearing and deciding these cases.

In the decisions made on December 11, 1951, we dealt with the general proposition of where a judge was interested in a suit, was a material witness, as well as the question of the allegations of the defendant's strong interest and prejudice against the petitioners. On the charge that every decisive question had been decided against petitioners in advance of the hearing, we took occasion to say that while these were grave charges, striking at the very foundation of sound principles, they did not affect the jurisdiction which was the only question then before the Court, and further referred to the fact that the way was always open to develop in the trial of the case the conduct and interest of the trial judge, and, of course, the right of appeal. We finally said:

> "The sound public policy that makes it the duty of this Court to jealously guard its powers and prerogatives, admonishes us against any infringement of the powers and prerogatives of courts subject to the appellate power of this Court, such as circuit courts and other courts of record. We are not justified, we think, in ignoring the plain provisions of the statute which has been in existence for more than one hundred years, and the provisions of the By-Laws of The West Virginia State Bar which have been approved by this Court under its rule making power, which have the force of law, and which have had the recent attention of the Legislature of the State, by depriving circuit courts of the powers and authorities plainly given them by such statute and Rules. The statute and Rules, as they exist, may afford opportunity for abuse, but we can not ignore statutes merely because they may be misused. In such cases we must resort to the provisions for review which, happily, in this case are specifically provided for. We can not grant the writs prayed for herein without ignoring a plain statutory provision and Rules solemnly adopted by this Court, and such action we are unwilling to take."

My broad view of these cases is that they rest safely

on the ground of permitting constitutional courts, such as circuit courts, to administer the powers plainly granted to them, reserving to ourselves, as the appellate Court, having general supervision of all courts, the power to correct errors. This is the reason which impels me to persist in my views that the Circuit Court of Hancock County should be permitted to try these cases in due course, subject, of course, to the right of appeal if error has been committed in the proceeding.