# CHARLESTON.

Wells *et al. v.* Graham *et al.*

Submitted June 19, 1894.—Decided December 8, 1894.

Scire Facias—Parties.

> An assignee of a judgment can not, in his own name, maintain a writ of *scire facias* to revive it.

Leonard & Archer for plaintiffs in error.

R. F. Fleming for defendants in error.

Brannon, President :

A writ of *scire facias* issued from the Circuit Court of Wirt county reciting that C. S. Evans had recovered a judgment for money against R. B. Graham and D. H. Bumgardner, and that Evans had assigned it to S. F. Wells and William Beard, and citing the defendants to appear and show cause why Wells and Beard should not have execution on the judgment, and upon demurrer and oyer of the judgment the court dismissed the *scire facias,* being of opinion that it ought to have been brought in the name of the personal representative of Evans, deceased.

Under our law an assignment of a note, judgment or other chose in action does not pass legal but only equitable title. The common-law forbade their assignment, and then our statute legalized it, and gave a right of action in the assignee's name; and with Judge Carr, in *Garland* v. *Richeson,* 4 Rand. 266, if it were an original question, I would hold that the assignee takes legal title, but it is firmly settled otherwise in that case and *Clarke* v. *Hogeman,* 13 W. Va. 718, *Tingle* v. *Fisher,* 20 W. Va. 498 and other cases. Therefore, unless we can see a statute to otherwise allow, a *scire facias* or action on a judgment must be in the name of the plaintiff in the judgment, or his personal representative, because there is the legal title. It is, however, contended that section 4, c. 127, Code 1891, will sus-

tain this *scire facias,* as it enacts that " in any stage of any case a *scire facias* may be sued out for or against   *   *   * the assignee or beneficiary party to show cause why the suit should not proceed in the name of him or them." This language is in some respects broad; but it uses the words " case " and " suit," which we usually interpret to mean a pending suit, and I think an inspection of other sections of this chapter will strengthen this conclusion. When a case has terminated in final judgment, it is at an end. It may be said it is for this purpose still a pending case. I think not. This would be straining the words pretty far. After judgment only execution remains to be done, and that is action, not in the action, but out of it. Except for section 10, c. 139, Code, we might with more readiness apply section 4, c. 127, to the case; but as section 10, c. 139, relates in terms to the revival of judgments, we must go by it, and not the other provision. It provides that an action, suit, or *scire facias* may be brought on a judgment. It does not give right to an assignee to revive. It is true, it does not give right to any particular person to use those remedies for revival, only giving such remedies; but I mean it is this section which gives the remedy for revival of a judgment, not section 4, c. 127. Seeing the remedies given for revival of judgments, we then appeal to the common-law, or some statute, if to be found, to tell us who shall move in those remedies. The common-law tells us it must be the plaintiff in the judgment, or his personal representative. 1 Black, Judgm. § 488; 21 Am. & Eng. Ency. Law, 858. There is no statute allowing an assignee of a judgment to sue in his own name by action or *scire facias.* Section 14, c. 99, Code, enables " the assignee of any bond, note, account or writing not negotiable " to sue in his own name, but does not include judgment. This a circumstance strong against the contention of the appellants. They urge that the *scire facias* is an original action. This seems not to be so. 1 Black, Judgm. § 482; 21 Am. & Eng. Ency. Law, 855. If it were, they could not use it, as section 14, c. 99, does not give an assignee right to sue on a judgment in his own name. That equity allows a suit by assignee argues nothing, as it allows

suit on equitable title.   This *scire facias* suggests no death or cause of revival.   It should have done so, if the plaintiff is dead, as the judgment says he is.   There is no inconvenience to result from this holding, as execution can be awarded in the name of the plaintiff in the judgment, or his representative, which name the assignee has always a right to use, even beyond the control of that party, or, if preferable, the order of award of execution can recite that it is for the use of the assignee.   Therefore, we affirm the judgment.