# CHARLESTON.

McIlwaine, Knight & Co. and Kanawha Valley Bank
v. William Fielder *et als.*

Submitted April 12, 1921.   Decided April 19, 1921.

1.  Equity—*Bill of Review to Reverse Decree for Error Apparent Analogous to Appeal, and the Court Should, on Discovering the Error, Enter the Same Decree That Would Be Proper On Appeal.*

    Proceedings upon a bill of review to reverse a decree for error apparent upon the face of the record are analagous to appellate proceedings to reverse for error, and upon discovering such error the court should enter the same decree that would be entered were the decree reversed on appeal for a like cause.   (p. 469).

2.  Same—*On Reversal of Decree in Lien Creditor's Suit On Bill of Review for Insufficient Proof of Liens, Court May Give Further Opportunity to Offer Proof Thereof.*

    Where a decree in a lien creditors' suit is reversed upon bill of review because liens have been decreed against the debtor without sufficient proof thereof, it is proper for the court to give an opportunity to offer further proof of such liens where it appears that in all probability such proof exists, and particularly where the debtor does not deny the existence or validity of such liens.   (p. 469).

3.  Abatement and Revival—*Scire Facias to Revive Waived by Entry of Appearance.*

    Where pending the litigation a party defendant to a suit in equity dies, and his death is suggested upon the record, and the cause asked to be revived against a certain party as his personal representative, and certain other parties as his

heirs-at-law, and these parties by their counsel enter their appearance in the proceeding, the issuance and service of a writ of scire facias for the purpose of reviving said cause as to them is thereby waived. (p. 470).

4. JUDICIAL SALES—*Decree of Sale in Lien Creditor's Suit Not Reversible Because Time to Redeem Not Specifically Given Fraudulent Grantees of Principal Debtor.*

Where a decree of sale entered in a lien creditor's suit gives to the debtor a day to redeem the lands decreed to be sold before sale thereof can be made, the same will not be reversed because such decree did not also specifically give a time to fraudulent grantees of such principal debtor within which to redeem said lands from the liens decreed against the same. (p. 471).

Appeal from Circuit Court, Kanawha County.

Suit by McIlwaine, Knight & Co., and others against William Fielder and others. Decree for plaintiffs, and defendant named and others appeal.

*Affirmed.*

*J. W. Kennedy,* for appellants.

*McWhorter & Carney, Brown, Jackson & Knight, Blue & McCabe,* and *Price, Smith, Spilman & Clay,* for appellees.

RITZ, PRESIDENT:

In November, 1909, McIlwaine, Knight & Co. and other judgment lien creditors of William Fielder, filed their bill in the circuit court of Kanawha county for the purpose of enforcing the liens of their judgments against the real estate of said Fielder. In addition to the said Fielder certain other parties were made defendants to the bill, whom it is alleged appeared to be lien creditors of said Fielder from the fact that judgments in favor of such parties against said Fielder are docketed in the office of the clerk of the county court of said county. On the bill being matured the same was referred to a commissioner to take an account, showing the real estate owned by said Fielder against which the judgments of the plaintiffs were liens, as well as the amount of the liens and the priorities thereof. The commissioner filed his report showing that William Fielder had been the owner of certain real estate

mentioned and described in the record, but that he had conveyed this real estate, before the commencement of the suit, to his three sons.   He then reports the judgment liens of the plaintiffs, as well as the judgments in favor of certain of the defendants as liens against the real estate.   He also reported a debt in favor of the Kanawha Valley Bank as a lien secured by a deed of trust, and also as a judgment in favor of said bank, without showing that the debt secured by the deed of trust and the judgment are the same debt. On the coming in of this report an amended bill was filed making the grantees in the deeds from Fielder parties, and averring that the conveyances from Fielder to his sons were in fraud of the rights of the creditors.   In May, 1911, the Kanawha Valley Bank brought another suit against William Fielder and Sarah F. Fielder, his wife, having for its purpose the enforcement of its judgment, not only against the real estate of Fielder, but against the real estate of Mrs. Fielder.   The debt sought to be enforced in this suit is the same debt in favor of the bank which is set up in the first suit.   None of the defendants appeared to the amended bill in the first suit, or to the bill of the Kanawha Valley Bank filed in the second suit, and the suits were consolidated and the conveyances from Fielder to his sons were adjudged void and decreed to be set aside as in fraud of the creditors, and the causes referred to a commissioner to again take and state an account.   This the commissioner did reporting, in addition to the liens of the plaintiffs in the suits, liens in favor of certain defendants named therein, as it is claimed, without any evidence to support said liens except the statement in the bill that the record in the county clerk's office showed that said defendants have judgments against the said Fielder.   On the incoming of this report, no exceptions being filed thereto, the same was confirmed, and the lands which said Fielder had conveyed to his sons, as well as the lands of his wife, were decreed to sale in satisfaction of the liens adjudged against the same.   Before said sale was made William Fielder and his wife Sarah F. Fielder, and his sons, to whom he had conveyed his lands, filed a bill of review asking that the decree of sale be reversed for errors apparent

upon the face of the record in such proceeding. The errors claimed were that the debt of the Kanawha Valley Bank was reported and adjudged as two distinct debts against William Fielder and Sarah F. Fielder, and sale ordered of all their said property to pay the same, when in fact and in truth the deed of trust was given to secure the same debt for which the judgment reported was rendered, which fact appears from the record in this case; further, that it appears that Sarah F. Fielder was only the endorser for her husband, William Fielder, upon said debt, and that the property of William Fielder should have been decreed to be first sold in satisfaction of this debt, and in case the same was satisfied out of his property her property exonerated from the lien thereof; and third, that the commissioner reported a number of judgments in favor of defendants named in the proceedings as liens against the said William Fielder's property without any proof thereof. Upon the filing of this bill of review further proceedings in execution of the decree of sale were stayed, and upon a hearing being had upon said bill of review the court below made and entered a decree setting aside its former decree, and decreeing substantially the same as it had first decreed, with the exception that it decreed the Kanawha Valley Bank's two liens as one debt, and decreed that William Fielder's property should be sold first in exoneration of the property of his wife. From this decree the Fielders prosecuted an appeal to this court, and upon a hearing here the decrees of the circuit court entered upon the bill of review were reversed, upon the ground that proper parties defendant to the said bill of review had not been made, and the cause remanded in order that the said bill of review might be properly matured. This, of course, left the case as if nothing had been done upon the bill of review, and sent it back for proceedings thereon to be begun anew. The opinion of this court on the prior appeal is reported in 76 W. Va. 111. On the cause being remanded to the court below the death of Sarah F. Fielder, wife of William Fielder, was suggested, as well as the death of Launcelot Fielder, one of the defendants to whom said William Fielder had conveyed part of his real estate, and the suit attempted to be revived against these parties by making their personal

representatives and heirs-at-law parties defendants. After all proper defendants to the bill of review were brought before the court the case was again heard upon said bill of review, and the court corrected its original decree so far as the same decreed two liens in favor of the Kanawha Valley Bank for its debt secured by the deed of trust and evidenced by the judgment aforesaid, and recited that this was but one debt, and that said bank was entitled to only one satisfaction thereof, and also provided for the sale of the property of William Fielder in exoneration of the property of Sarah Fielder, his wife, and that no sale be made of her property unless the amount derived from the William Fielder property was inadequate to satisfy said bank's debt; and further held that a number of the liens reported by the commissioner were not sufficiently proven to justify said report, and without decreeing as to the validity of these liens recommitted the cause to a commissioner to give the parties further opportunity to present any evidence they might have as to the existence and the validity of such judgments. All of these defendants appeared before the commissioner and presented their answers setting up their judgments with full certified copies' of the proceedings, and upon this showing the commissioner reported that these defendants had valid and subsisting liens against the property of William Fielder, giving the amounts thereof, and the priorities thereof, as set out in his first report. On this report being filed, the circuit court then declined to further correct his original decree of sale, but entered a decree in accordance with that original decree, with the exception of the two modifications above referred to, and again decreed the lands of Fielder to sale in satisfaction of said liens, unless he should pay off the same before the day mentioned in the decree. It is from this decree that the present appeal is prosecuted.

Numerous errors are assigned to the action of the circuit court in entering this decree, but they may be summarized as follows: First, that upon the hearing on the bill of review the court should not have done anything more than to have heard the case fully as then presented, and entered a final decree in the case in its then condition, without giving any of the

lien creditors a further opportunity to prove their claims, the result of which would have been to bar all of the liens which it found were not sufficiently proven; second, that the causes were not properly revived against the personal representatives and heirs-at-law of Sarah F. Fieldder and Launcelot Fielder who died pending the litigation; and third, that the decree did not give to the fraudulent grantees of William Fielder a day to redeem before making sale of said properties. We will discuss these propositions in their order.

It is insisted that on the former appeal it was held that the court should not open up the causes for a full rehearing, but that it should enter a final decree upon reversing the former decree upon the record then presented. This is not the effect of the holding upon the former appeal. Our holding on that appeal was that a bill seeking to review a cause for error apparent upon the record does not reopen the cause for a general rehearing, but that the procedure is analagous to the review of a cause by appeal for error, and that the proceedings had should be analagous to the proceedings had where a cause is reversed upon appeal, and this we think is the law. The purpose of a bill of review for errors apparent upon the record is the same as the purpose of an appeal, and when the decree complained of is reversed upon the bill of review the proceedings then had should be the same as would be had upon reversal of a like decree upon appeal. This does not mean, however, that the court is powerless to ascertain the true situation. It does not mean that the court upon reversing the decree must enter a final decree barring the rights of parties when it can see that in all probability these rights are substantial, and could be properly asserted and set up if opportunity were given. It is not our practice to do this upon appeal. Neither should it be the practice to do so upon a bill of review. In the case of *Williams* v. *Insurance Agency,* 75 W. Va. 494, the claims of certain creditors were rejected for lack of sufficient evidence to prove the same, and this court upon appeal held that these claims were properly rejected by the court below, but held that it was error not to give the claimants a further opportunity to prove their claims, and reversed the cause and remanded the same that this oppor-

tunity might be extended to them, and upon the cause being so remanded the claimants did in fact prove their claims, and the same were allowed in the suit. This is a much stronger case than the one presented here, for in that case the claimants appeared before the commissioner and offered the evidence of their claims, and when the same were rejected by the circuit court they did not ask for a further opportunity to present proof, but appealed to this court. In this case it appeared from the allegation of the bill that judgment liens were docketed in favor of the defendants whose claims it is asserted were not sufficiently proved, and these defendants, upon the decree being reversed, demurred to the bill of review, and in effect asked for an opportunity to offer proper proof of their debts. Not only did the court have the power to extend this opportunity to these claimants, but under the decision above cited it was its duty to do so.

The further contention is made that these causes were never properly revived against the heirs-at-law of the two parties defendant who died pending the litigation. The order suggesting the death of these parties asks that the suits be revived against certain parties named as their respective personal representatives and certain other parties named as their heirs-at-law, and, without any writ of *scire facias* being issued, the order recites that the parties named appeared in the causes, and it is contended that by thus appearing the necessity for the issuance and service of a writ of *scire facias* was waived. It is argued that revival can only be had by bill of revivor, or by *scire facias*, and this is true, unless the parties waive these formalities. To issue a writ of *scire facias* under the circumstances shown here, and have the same executed would have been doing a perfectly useles thing, for the reason that the new parties themselves came into court and submitted to the jurisdiction. It is also suggested that the order does not show that the defendants named therein are all of the heirs-at-law of the respective parties. There is no suggestion, however, that there are other heirs-at-law, and in the absence of such a suggestion the decree will not be reversed because it fails to recite that there are not other heirs besides those named.

The other ground upon which reversal is sought is that the decree does not give a day to redeem to the fraudulent grantees of William Fielder before making sale of the lands. The final decree does give a day to redeem to the personal representatives of Mrs. Fielder as to her property, and to William Fielder, the judgment debtor, before sale is made of his property. This is all that is required. As to the grantees, it has been adjudged that they are fraudulent grantees. They have no interest in the property so far as these lien creditors are concerned. When the circuit court adjudged that the conveyances to them were in fraud of the rights of creditors their interest ceased so far as the liens set up in the cause are concerned, and there is no duty to give them a day to redeem the property. Further than that, it may be said that the opportunity given to William Fielder to redeem would extend to any party interested in the cause. It cannot be sold until this time has expired, and if they desire to redeem it during the time which was given for redemption by the principal debtor they may do so as effectually as though they were specifically authorized thereto. Discharge of the liens by payment will as effectually prevent a sale as though the decree specifically provided therefor.

We find no error in the decree complained of, and the same is affirmed.

*Affirmed.*