FRED DANKMER, *an Insane Person, Etc.* v. THE CITY ICE & FUEL COMPANY *et al.*

(No. 9215)

Submitted September 4, 1941. Decided September 23, 1941.

*Martin Brown,* for appellant.

*McCamic & Clarke* and *Wesley R. Tinker, Jr.,* for appellees.

Fox, Judge:

This appeal involves the right of the defendant, City Ice & Fuel Company, to have reviewed, on a bill in the nature of a bill of revivor, as against the committee for the plaintiff, Fred Dankmer, an insane person, a suit in equity in the Circuit Court of Marshall County in which, originally, Fred Dankmer was plaintiff and the City Ice & Fuel Company and others were defendants, and in which the Fuel Company filed its answer setting up a claim for affirmative relief against the plaintiff. Consideration of the questions presented require a brief statement of proceedings in the cause leading up to the order appealed from.

Fred Dankmer was an employee of the City Ice & Fuel Company, and as such was, allegedly, short in his accounts. In the year 1929, the Fuel Company instituted its action in assumpsit against Dankmer, in the Circuit Court of Marshall County, to recover the amount of such alleged shortage. Early in 1930, this suit in equity was instituted in said court, in which an injunction was sought and obtained against the prosecution of said law action, on the ground that the matters in difference between the parties, by reason of intricate and complex accounts, could be adequately and fairly determined only in a court of equity, and the right to maintain such suit was upheld by this Court in *Dankmer* v. *City Ice & Fuel Company,* 111 W. Va. 676, 163 S. E. 430. The Fuel Company then filed its answer in which its claim involved in the action of assumpsit was asserted and praying for affirmative relief. The cause was referred to a commissioner in chancery to determine the state of the account between the parties, and testimony taken before the commissioner on that issue. While the cause was pending before the commissioner, the mental state of Dankmer was brought to the attention of the commissioner, but his insanity was not then suggested upon the record. Not-

withstanding this action, the commissioner subsequently completed and filed a report in which there was a substantial finding in favor of the Fuel Company and against Dankmer. Later, on February 11, 1936, the insanity of Dankmer and the appointment and qualification of Mary Dankmer as his committee, was suggested upon the record. On March 14, 1936, the Fuel Company moved the circuit court to revive the cause in the name of the committee, as plaintiff, and as defendant in the answer asking for affirmative relief, and this motion prevailed. This procedure was attempted to be justified under the provisions of Code, 56-8-5, and following this pretended revival the cause proceeded to a final decree of $3,932.51 in favor of the Fuel Company and against Dankmer's committee. This decree was attempted to be asserted in a companion cause, involving an alleged fraudulent conveyance by Dankmer, whereupon the committee sought and obtained a writ of prohibition from this Court on the ground that there was no revival of the cause and that the decree relied on was void. *Dankmer* v. *City Ice & Fuel Company*, 121 W. Va. 111, 6 S. E. 2d 771. The decision of this Court in the case last cited became final on February 5, 1940, and on March 5, 1940, the Fuel Company filed its bill in the nature of a bill of revivor, by which it sought to revive the cause in its name against Mary Dankmer as committee, and a summons awarded to answer the same. There was a special appearance on the part of the committee, and three separate pleas in abatement filed by her, the purpose and effect of which was to raise the question of whether the said cause could at that time be revived. There was a demurrer to each of the said pleas by the Fuel Company, which the trial court overruled. A demurrer to the bill was interposed by Mary Dankmer as committee and individually on the ground that the same was not filed within two regular terms of the suggestion on the record of the insanity of Fred Dankmer. This demurrer was sustained, and the Fuel Company not desiring to amend its bill, the same was dismissed. From these actions of the trial court, the Fuel Company appeals.

Sections 5 and 8, article 8, chapter 56 of the Code provide who may cause a suit or action to be revived in case of an abatement thereof by reason of death, insanity, or other circumstance mentioned therein, and within what time such revival may be effected. Reading the two sections together, we think it was intended that a plaintiff or appellant, and a defendant or appellee should be governed by the same rule both in respect to the right to revive, and the time within which steps to revive should be taken. It would be an anomalous situation if a plaintiff or appellant should be required to revive within two terms after suggestion of death, insanity or other circumstances creating need for revival, and a defendant or appellee permitted to revive at a later term. Apparently, the legislature intended that suits and actions should be revived within a reasonable time, and it established the two-term record as reasonable, and no good reason appears for any distinction between litigants.

Counsel for the Fuel Company may have had these considerations in mind, because he did not seek to revive the cause by statutory methods. He resorted to the ancient practice of revival by a bill in the nature of a bill of revivor. The right to use this method in a proper case is not disputed, nor can it be. *Bock* v. *Bock,* 24 W. Va. 586. In *Stuart* v. *Reid,* 20 W. Va. 382, a petition filed by defendants was treated as a bill of revivor, there having been a reference to a commissioner to ascertain debts of an estate and the defendants seeking revivor being creditors, as the defendant in the case at bar claims to be. We have no difficulty in holding that, although long disused in practice, a suit in equity may still be revived by bill of revivor or a bill in the nature of a bill of revivor. The question to be determined is whether such pleadings can be filed and revival had thereon after the period within which revival may be had by statutory methods.

The genesis of the two-term rule is interesting and assists us in reaching our conclusion in this case. It is outlined in the opinion of Judge Green in *Gainer* v. *Gainer,* 30 W. Va. 390, 4 S. E. 424, 429. The Supreme Court of Appeals of Virginia, prior to the enactment of the two-

term rule now in effect, permitted a case to be revived by *scire facias* at the second term after the death of a party to the suit had been suggested, "but were not disposed to extend the indulgence further" and this rule was carried into the Virginia Code of 1819, Vol. 1, page 497, and in the Code of 1849, chapter 173, section 7. The Code of 1849 permitted revival by motion as well as *scire facias,* and the limitation of two terms applied to both methods of revival. The same rule, covering both *scire facias* and motion, was carried into our Code of 1868, chapter 137, section 7, and appears in our present Code, 56-8-8. This rule is not by statute made to apply to a bill of revivor, or to a bill in the nature of a bill of revivor, being confined in the first instance to *scire facias* and later made to apply to motions. The question now presented is whether a plaintiff in all cases, and a defendant in a proper case, may revive a cause by bill of revivor or a bill in the nature of a bill of revivor after the end of the second regular term after suggestion making revival necessary. An affirmative answer would nullify the apparent intent of the statute that litigation should be speeded by prompt revival of suits and actions, and, in effect, operate to remove all limitations as to the time within which a revival could be had by bill of revivor procedure. If the two-term rule does not apply to a bill of revivor what limit is there on the right to revive? If there is no limitation, of what value is the statute? We cannot bring ourselves to believe that a court of equity is called upon to permit an ancient, disused, although proper, practice of equity pleading to nullify, in effect, statutory limitations on the right to revive, and therefore, by analogy to what we believe to be the policy of the law, as evidenced by our statutes, and the support of decided cases before and since the enactment of our statutory law on the subject, we hold that while a bill of revivor, or a bill in the nature of a bill of revivor, may still, in proper cases, be substituted for a *scire facias* or motion, such bill must be filed within the same period that a *scire facias* is required to be sued out, or a motion for revival made under the statute. Code, 56-8-8. We think

that on such a question, equity should follow statute law in order that procedure may be uniform both at law and in equity. This position is supported by *Gainer* v. *Gainer, supra,* in which it was held:

> "It would seem clear that, if the death of a plaintiff in a chancery cause is suggested on the record, the representative of the plaintiff must in every case, when the revival of the cause is necessary, take steps to revive it by filing a bill of revivor, by asking a *scire facias* to revive it in his name, or by making a motion that the cause be proceeded with in his name, before the end of the second term after the death of the plaintiff has been so suggested on the record."

The language quoted is dicta, but it expresses most clearly what we think should now be declared law. The *Gainer* case was decided in 1887, and neither statute nor decided case throws any cloud upon the opinions therein expressed. It is true that the *Gainer* case refers to the death of a party to the suit, as most decided cases do, but our statute provides for the same rule as to insanity as that applied to death. It is doubtful if a bill of revivor was, at common law, ever used to revive a cause upon the insanity of a party, but we are assuming that under the liberal rules of modern practice, it would not be improper to so use that method under the same limitations of time as are applied to a motion or *scire facias.*

As stated above, the Fuel Company, on February 11, 1936, moved the court to revive the cause in the name of Mary Dankmer as committee, as plaintiff. This we held could not be done, and a decree following such attempted revival was held void. *Dankmer* v. *City Ice & Fuel Co.,* 121 W. Va. 111, 6 S. E. 2d 771. The bill under consideration here was filed within one month after the decision cited became final. We have considered the question of whether having attempted in good faith to revive the cause by a method afterwards held to be improper and ineffective, it had the right to seek the same relief by another and proper method after the expiration of the period within which the proper procedure could have been in-

voked in the first instance. We have reached the conclusion that the Fuel Company, having selected its remedy, and having failed of relief, cannot use that fact to save to it the right to pursue a proper remedy otherwise barred by the passage of time.

The decree of the circuit court is affirmed.

*Affirmed.*