CITY ICE & FUEL COMPANY *v.* FRED DANKMER *et al.*

(No. 9465)

Submitted September 1, 1943. Decided October 5, 1943.

Martin Brown, for appellant.
McCamic & Clarke, for appellees.

LOVINS, JUDGE:

By an order entered June 12, 1942, the Circuit Court of Marshall County sustained a motion to quash a writ of *scire facias* against Emma Dorsey, as executrix of the estate of Louisa Dankmer, deceased, one of the original defendants in this suit, and upon joint request of the parties certified its order to this Court. On such certification it was held that the decree was appealable and therefore the questions of law therein arising could not be certified. *City Ice & Fuel Co.* v. *Dankmer,* 125 W. Va. 299, 24 S. E. 2d 89.

The original bill of complaint, filed August 6, 1934, sought (1) to establish a debt allegedly due from Fred

Dankmer to City Ice & Fuel Company, incurred prior to July 22, 1929, while Dankmer was employed as general manager and treasurer of appellant corporation; (2) to set aside certain conveyances and transfers alleged to have been made in fraud of creditors; and (3) to subject the real and personal property so conveyed and transferred to the payment of Dankmer's debts. The parties defendant were Fred Dankmer and Mary Dankmer, his wife, Louisa Dankmer, his mother, Emma Dorsey, his sister, and John T. Prendergast. A demurrer to the original bill was filed October 10, 1934. On March 7, 1936, Mary Dankmer suggested on the record that Fred Dankmer had been adjudged insane on February 5, 1936, and that she had been appointed and qualified as his committee. After written notice served on Fred and Mary Dankmer, appellant on March 14, 1936, moved the trial court to make Mary Dankmer, as committee for Fred Dankmer, a party defendant herein, which motion was sustained over the objection of the committee, and an order entered accordingly. It should be here noted parenthetically that a similar attempt on the part of a defendant to revive a suit against the personal representative of a party plaintiff suffering a disability *pendente lite* on motion without resorting to a bill of revivor or *scire facias* was held void in the case of *Dankmer* v. *City Ice & Fuel Co.*, 121 W. Va. 752, 6 S. E. 2d 771. No further proceedings were had until July 8, 1938, when the demurrer to plaintiff's original bill of complaint was sustained, and plaintiff filed its amended bill. The defendants Mary Dankmer, individually, Louisa Dankmer, and Emma Dorsey demurred to the amended bill, which being overruled the three demurrants, together with Mary Dankmer, as committee for Fred Dankmer, on November 12, 1938, filed a joint and separate answer to the original and amended bills of complaint. Louisa Dankmer died May 18, 1941, and although her death was not suggested on the record, plaintiff on January 27, 1942, sued out a *scire facias* against Emma Dorsey as executrix of the

estate of Louisa Dankmer, the same being issued by the Clerk of the Circuit Court of Marshall County. The writ, returnable to February Rules, 1942, was served the day following, and Emma Dorsey, executrix, appeared specially at said Rules and filed a motion to quash the writ, which motion the court later sustained and plaintiff prosecutes this appeal.

The contentions of the parties to this appeal are many and varied, and the greater portion thereof are not germane to the issue, the sole question being: Is this suit revivable against the executrix of Louisa Dankmer? The determination of that question involves consideration of the status of the appellant's claim against Fred Dankmer, the right to maintain this suit depending thereon.

Appellant alleges in its amended bill of complaint that Fred Dankmer is indebted to it in the amount of $2,624.12, with interest thereon from July 20, 1929, and that a decretal judgment was rendered in its favor on November 12, 1937, for the amount of its debt with interest and costs. In the answer to the amended bill appellees allege that the decretal judgment is void. In resolving these allegations, we are justified in looking to the record which was before the trial chancellor when he quashed the *scire facias*. It is apparent from the allegations in the bills of complaint and the answer thereto that the record in the chancery suit of Dankmer against City Ice & Fuel Company was before the trial chancellor. Furthermore, the briefs filed in this Court by appellant and appellees show that the record in said chancery suit is relied on by each. We express no opinion as to the loose method by which the record of a former chancery suit is incorporated in the record of this suit, but we do think that in the circumstances shown by this record that reference may be made to the record in the foregoing chancery suit. On examination of the record above mentioned, it appears that this Court has passed on the validity of the decretal judgment entered November 12, 1937, it hav-

ing been said with reference thereto, "We have indicated that the court did not have jurisdiction to enter that decree, and it naturally follows that the circuit court will not consider it for any purpose." *Dankmer* v. *City Ice & Fuel Co.*, 121 W. Va. 752, 6 S. E. (2d) 771. The decretal judgment relied on by appellant being void, the alleged debt of the appellant is reduced to a contested claim of indebtedness against Fred Dankmer, neither the fact of liability nor the amount thereof having been heretofore established. It appears from plaintiff's bills of complaint that the debt against Fred Dankmer accrued in 1929, and hence a new action or suit to recover such debt from him would now be barred by the statute of limitations, if pleaded. It is clear that Dankmer in his proper person, or by his committee, must be a party to this suit before the fact of liability and the amount of his indebtedness may be established herein. The insanity of Dankmer abated the suit, and a suggestion of such insanity having been duly made on the record, it was then incumbent on appellant to revive the suit in the name of the committee within the time required by Code, 56-8-8. *Dankmer* v. *Ice & Fuel Co.*, 123 W. Va. 492, 17 S. E. 2d 441.

A cursory reading of Code, 56-8-5, should indicate the correct procedure for the revival of an abated suit. An action or suit which has abated by reason of the death or disability of a party, plaintiff or defendant, may be revived on motion of the representative of the party as to whom the action or suit has abated. Where there has been no abatement as to the party desiring revival, as here, a *scire facias,* a bill of revivor, or a bill in the nature of a bill of revivor, must be issued or filed within two regular terms of court from the date the record suggestion of death or disability is made. *Dankmer* v. *Ice & Fuel Co.*, 123 W. Va. 492, 17 S. E. 2d 441. Appellant adopted neither of the methods of revival, but attempted to revive this suit by a procedure unauthorized by common law or statute. The procedure by the appellant was wholly ineffectual.

Code, 51-2-1b, requires that three terms of the Circuit Court of Marshall County be held in each year, and the suggestion of the insanity of Fred Dankmer having been made on March 7, 1936, this suit cannot now be revived as against Fred Dankmer by either of the two methods hereinabove mentioned. Code 56-8-8. *Dankmer* v. *Ice & Fuel Co.*, 123 W. Va. 492, 17 S. E. 2d 441. The latter part of Code, 56-8-8, reading as follows: "* * * the suit of such plaintiff or appellant shall be discontinued, unless good cause be shown to the contrary", in no wise aids the appellant in keeping its suit alive. If such showing could be made, which we doubt, the time for making it has passed. *Gainer* v. *Gainer*, 30 W. Va. 390-403, 4 S. E. 424.

The record discloses that Mary Dankmer, as committee for her husband, made a general appearance in the suit by filing her answer to the appellant's bills of complaint, but this appearance was made more than two years after the suggestion of insanity was entered of record. This Court has approved the principle that a suit may be revived by consent. *Teter* v. *Irwin*, 69 W. Va. 200, 71 S. E. 115. A revival may be waived as was done in *McIlwaine, etc. & Co.* v. *Fielder*, 88 W. Va. 464, 107 S. E. 115. In the *Teter* case consent to revival was given at the same term at which the suggestion of death was entered of record, and in the *McIlwaine* case the suggestion of death of parties defendant and waiver of the issuance and service of process to revive the suit appear in the same court order. In this suit more than two years elapsed between the suggestion of death and the general appearance made by the committee, at the time of which appearance the suit had abated beyond revival as to a necessary party. Did the committee waive her objection to the attempted revival in 1936 by filing her answer two years thereafter? We think not. Her consent to the revival cannot be implied from the general appearance, nor does such general appearance constitute a waiver of her right to insist that the suit be revived in accordance with law.

We think that a suit may be revived by consent or

waiver after the time for revival has expired, but in that instance such consent should be explicit or the waiver founded on conduct which will not permit any inference other than that revival was intended. We reach the conclusion that the general appearance of the committee made after the time for revival had passed is an insufficient basis upon which to predicate a holding of consent or waiver on the part of the committee.

In the event of a new suit or action by the appellant to establish the liability of Fred Dankmer, it is only reasonable to assume that a plea of the statute of limitations would be interposed by the committee to prevent a recovery therein. See Code, 44-4-13.

Since the liability of Fred Dankmer to appellant can not be established in this suit, what right has the appellant to revive the same as to Louisa Dankmer? We apprehend that no such right exists. Inasmuch as Fred Dankmer, the alleged debtor, is not a party to this suit in person or by committee, this suit cannot be maintained against the personal representative of his grantee. The statute authorizing revival refers to a pending suit. *Wells* v. *Graham,* 39 W. Va. 605, 20 S. E. 576. The order quashing the *scire facias* is without error, and is affirmed.

*Affirmed.*